**Mary Pascoe, et al., Plaintiffs-Appellants, v. Meadowmoor Dairies, et al., Defendants-Appellees.**
**Denise Paradis, a Minor, etc., et al., Plaintiffs-Appellants, v. Meadowmoor Dairies, et al., Defendants-Appellees.**

Gen. No. 48,794.

First District, Second Division.

April 11, 1963.

Joseph Barbera, of Chicago (Dom J. Rizzi, of counsel), for appellants.

Thompson & Lewin, of Chicago (Percival Thompson, of counsel), for Joseph Goby, appellee, Charles W. Schaub, of Chicago, for James DeBenedetto, appellee, and Berchem, Schwantes & Thuma, of Chicago (Michael J. Thuma and Richard Owen Young, of counsel), for Meadowmoor Dairies, Inc., a corporation, appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

A complaint by Mary Pascoe and Kenneth Pascoe and a separate complaint by Denise Paradis, a minor, seeking damages for assaults and rapes, perpetrated by Ernest Davenport and Wesley Fields were consolidated. Davenport worked as a helper on a truck which made deliveries of dairy products to a delicatessen store at 215 West 69th Street, Chicago, partly owned by Kenneth Pascoe and Mary Pascoe, wherein Denise Paradis was employed as a clerk. The assaults and rapes occurred after the hours of employment of Davenport and Fields and while these men were in a highly intoxicated state. The other defendants are

54

Meadowmoor Dairies, Inc., which sold dairy products to Joseph Goby, a milk distributor and James DeBenedetto, a driver employed by Goby, who made regular deliveries of dairy products to the Pascoe store. At the close of plaintiffs' case the court directed a verdict for Meadowmoor, Goby and DeBenedetto. After the reception of the directed verdict Davenport and Fields were dismissed on motion of plaintiffs. Plaintiffs appeal from the judgment entered on the directed verdict. We shall speak of Meadowmoor, Goby and DeBenedetto as the defendants.

About 2:00 or 2:30 p. m. on Friday, January 27, 1955, after he finished his work as a helper on the dairy truck of DeBenedetto, Davenport went to a poolroom with some of his friends and drank a pint of cognac. He then went to a tavern at Peoria and 14th Street, where he drank 2 half pints of cognac. He went home and stayed there for about 3 hours. At about 6:00 p. m. he returned to a tavern where he met Fields and the two of them drank another half pint of cognac. He and Fields then went to a place called the Central Grill where Davenport said he switched to drinking tequila. Field's recollection is that they drank vodka. In order to raise money they went to the South Side to see a Mr. Nelson about selling him a gun that Fields had with him. By this time both of them were intoxicated. They then went to a liquor store at 69th and Wentworth where they bought another half pint of cognac which they drank. At this time they were even drunker than they had been before. They then went to the Pascoe store which was in the immediate vicinity of the liquor store where they made their last purchase of cognac. It was then about 7:00 p. m. Denise Paradis, a 14-year-old girl employee, was in the store alone. Davenport, who had a gun, said "this is a holdup." Fields pulled the telephone wires out of the wall. They made Denise turn out the lights and lock the door. Both men raped her. Then Mrs.

55

Pascoe came into the store. She inquired of Denise, "why don't you give them the money?" Davenport answered, "she already did." One of the men took Mrs. Pascoe's purse and both of them assaulted and raped her. Both women were struck on the head with a gun and Mrs. Pascoe was shot several times by Davenport. Denise married on September 27, 1958 and her name is now Lacey. The depositions containing the testimony of Davenport and Fields, taken while inmates of the Illinois State Penitentiary at Statesville, were read to the jury.

Davenport testified that in the year prior to January 27, 1955, he had been intoxicated "2 or maybe 3 times a week." Fields testified that prior to January 27, 1955, he had been intoxicated twice a week. Denise had seen Davenport in the store about 100 times before the assault. She said he was drunk at the time of the assault. She did not testify to anything unusual about his behavior at any other time. Out of about 100 times that Mrs. Pascoe had seen Davenport assisting in the deliveries, she observed him to be intoxicated 4 or 5 times. On 4 or 5 occasions she saw him look at her with a "funny look in his eye." Kenneth Pascoe testified to seeing Davenport intoxicated 5 or 6 times between June 1954 and January 1955. Mr. Pascoe never saw him making any overtures toward his wife or his mother. Davenport was not quarrelsome but his breath was bad and once he dropped a case of milk. DeBenedetto considered Fields to be a "loud mouth and bossy" and said he was considered to be a "low type of person" who was "vulgar and profane." This witness testified he had never seen Davenport under the influence of liquor or take a drink.

██ Plaintiffs assert that an employer has a duty to refrain from retaining the services of an employee when it has knowledge that the employee has propensities which would make him a threat to third persons to whom the employee is exposed and that when it

neglects this duty, the employer is liable for its own negligence even though the injury was brought about by the willful act of the employee beyond the scope of his employment. Plaintiffs say that what is involved is the direct negligence of the defendants and that the doctrine of respondeat superior and vicarious liability is of no concern and that whether the assault was made within the scope of the perpetrator's employment is not involved. The record does not contain evidence that Davenport and Fields were employees of Meadowmoor. The rule for which plaintiffs argue has as a prerequisite of its application the establishment of the fact that the harm-doer was the employee of the defendant. The statement of plaintiffs that the question of scope of authority and course of employment are not involved in this case overlooks the fact that the rule of respondeat superior and the rule governing a master's liability for his servant's assault, are similar in some of their requirements, such as the requirement that the servant be a servant or employee and the requirement that the relationship of master and servant or employer and employee exists with respect to the circumstances of the injury.

■ ■ The burden rests upon plaintiffs to plead and prove that Davenport and Fields were Meadowmoor's employees. These two men testified that they were employed directly by the drivers for whom they worked, not by Meadowmoor. Both testified that they had not applied for a job with Meadowmoor, but occasionally worked in the cooler room or the empty case room of the dairy at the request of the employees. Plaintiffs failed to produce any proof that either Davenport or Fields was hired, employed or retained by Meadowmoor as anything other than an occasional laborer. Meadowmoor sells its products to master vendors who use their own employees and their own trucks. Dairy products were delivered by Meadow-

moor to Joseph Goby, as a master vendor, on a 30-day open account. Meadowmoor did not hire Davenport or Fields in any capacity where they would come in contact with customers in making deliveries and it had no right to direct or control them in their work or to discharge them; nor did Meadowmoor pay them for this work. In the case of Meadowmoor Dairies, Inc. v. Milk Wagon Drivers' Union of Chicago, #753, et al., 371 Ill 377, 21 NE2d 308, affirmed, 312 US 287, it was held that the master vendors to whom Meadowmoor sells its products are not its employees. We are also of the opinion that there is no evidence that either Davenport or Fields was an employee of Goby. There is no evidence that any employment by Goby brought either of these men into contact with any of the plaintiffs. There is evidence that DeBenedetto the driver, employed Davenport as a helper. There is no evidence that DeBenedetto hired Fields.

There is no evidence that any of the defendants knew or should have known that either Davenport or Fields were men of unsavory character or reputation. There is no evidence that Davenport or Fields had a record of arrest or conviction for any public disturbance or criminal offense of any sort prior to their conviction of charges of rape of Mrs. Pascoe and Denise. The record is devoid of competent evidence showing any circumstances from which any defendant could reasonably anticipate the harm to the plaintiffs so as to fix liability for their injuries on any of these defendants. The defendants, as reasonable men, could not have foreseen that Davenport and Fields, who according to the plaintiffs' evidence were steady workers over a long period of time and whose only vice was that they were addicted to drinking intoxicating liquor to excess, would suddenly and without any apparent reason embark on an orgy of rape, robbery and attempted murder.

Fields apparently had never seen any of the women plaintiffs before. We have read the numerous cases cited by the respective parties. We do not feel that any good purpose would be served by discussing the applicability of these cases to the facts of the instant case. The language used in a judicial opinion must be viewed in the light of the facts of the particular case. White v. Seitz, 342 Ill 266, 270, 174 NE 371; Fels v. Arends, 328 Ill 38, 45, 159 NE 244.

We think that the trial judge was right in deciding that there was no evidence to justify the submission of the case to the jury against any of these three defendants. Therefore the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and FRIEND, J., concur.