JANET DZING, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)    No. 79-1377

Opinion filed May 27, 1980.

Wayne B. Giampietro, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke, Edmund Hatfield, and Mary K. Rochford, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Janet Dzing brought this action against defendant city of Chicago under the doctrine of respondeat superior for injuries she sustained when an intoxicated, off-duty Chicago policeman shot his way into her apartment. On motion of defendant, the trial court struck all testimony given by the police officer in an earlier criminal proceeding regarding the incident and also dismissed the action against defendant on the basis that the officer acted outside the scope of his employment. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred (1) in concluding as a matter of law that the officer acted outside the scope of his employment since city regulations require police officers to be armed and available for duty at all times and (2) in striking the officer's previous testimony concerning the incident.

We affirm.

The facts are not disputed. At approximately 1:20 a.m. on April 24, 1974, off-duty Chicago policeman Michael O'Brien came to the door of plaintiff's apartment. O'Brien had recently moved into the building and apparently mistook plaintiff's apartment for his own. O'Brien had been drinking and a subsequently administered breathalizer test indicated a blood alcohol content of .14 percent; a person with a blood alcohol content of .10 percent is presumed to be intoxicated. (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(c)(3).) Hearing noises inside the apartment, O'Brien drew his service revolver, which he was required to carry at all times, and broke through the apartment door. Plaintiff ran into her bedroom and braced herself against the door. She heard O'Brien exclaim, "You behind the door, you're dead!" and then fired his service revolver at the bedroom door. The bullet entered plaintiff's back and exited near the center of her abdomen.

Shortly thereafter, Chicago police arrived. O'Brien identified himself and stated that he had just shot .. woman. Plaintiff was taken to a hospital for treatment.

On November 8, 1974, plaintiff filed a suit for her injuries against defendant city of Chicago and Michael O'Brien. On June 11, 1979, the trial court granted defendant's motion to strike all testimony given by O'Brien at an earlier criminal trial relating to the incident. The trial court also entered an order finding as a matter of law that O'Brien had acted outside the scope of his employment and that therefore, defendant could not be held liable under respondeat superior. The trial court then entered an order dismissing the cause against defendant with prejudice. Plaintiff appealed.

The central issue in this case and the one first raised by plaintiff on appeal, is whether the trial court properly granted defendant's motion to dismiss after concluding that Chicago police officer Michael O'Brien acted outside the scope of his employment. Plaintiff contends that because defendant's regulations require police officers to be armed and willing to thwart criminal activity at all times, even when off duty, O'Brien acted within the scope of his employment when he broke into plaintiff's apartment in an attempt to apprehend what he believed was a burglar in his apartment. By attempting to prevent a crime, plaintiff concludes, O'Brien acted within the scope of his employment and defendant should therefore be liable under the doctrine of respondeat superior.

■■ In Illinois, a municipality is not immune from liability arising from tortious acts of police officers in the scope of their employment. (*Andrews v. City of Chicago* (1967), 37 Ill. 2d 309, 226 N.E.2d 597; *Nelson v. Nuccio* (1971), 131 Ill. App. 2d 261, 268 N.E.2d 543.) This does not mean, however, that a municipality is necessarily liable for all tortious acts committed by its police officers, even though such officers are required to be armed at all times, whether on or off duty and subject to respond to any call to enforce the laws and preserve the peace. We noted in *Banks v. City of Chicago* (1973), 11 Ill. App. 3d 543, 550, 297 N.E.2d 343, 349, that "It is true that his being considered 'on duty' at all hours of the day or night does not result in all of his acts being deemed to have been taken in the performance of his duties as a police officer." For this reason a municipality was held not liable for the conduct of a police officer who intentionally threatened to kill and did kill complainant's son so as to cause complainant great emotional distress. (*Nelson v. Nuccio.*) Outrageous conduct such as that was outside the scope of the officer's employment. Likewise, police officers were held not acting within the scope of their employment when they allegedly committed torts of false arrest, false imprisonment and sexual assault, even though their status as

police officers was what enabled them to retain custody of the complainant. *Gambling v. Cornish* (N.D. Ill. 1977), 426 F. Supp. 1153. ■■ In the present case, we believe the trial court properly concluded that O'Brien acted outside the scope of his employment. The evidence indicated that at the time he broke into plaintiff's apartment, he was in an intoxicated and confused condition. He was disoriented and believed he was confronting an intruder in his own apartment. Though his conduct was not as deliberate as that in *Nelson* and *Gambling*, it was sufficiently reckless and irresponsible so as to represent an equally appalling departure from acceptable conduct within the scope of employment. For this reason, defendant cannot be held liable for O'Brien's actions under respondeat superior in this instance.

Because of our resolution of this issue, it is unnecessary for us to consider the second issue raised by plaintiff on appeal.

Accordingly, the order of the circuit court of Cook County dismissing plaintiff's cause with prejudice is affirmed.

Order affirmed.

O'CONNOR and CAMPBELL, JJ., concur.