KELLY ANN BATES, Plaintiff-Appellant, v. RICHARD DORIA *et al.*, Defendants-Appellees.

Second District   No. 2—85—0759

Opinion filed December 24, 1986.

Greene, Jones & Brisske, of Wheaton, and Debra O. Elder and Jeffrey B. Whitt, both of William J. Harte, Ltd., of Chicago, for appellant.

James R. Schirott, Charles E. Hervas, and James G. Sotos, all of Schirott & Associates, of Itasca, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Kelly Ann Bates, appeals from a summary judgment entered in favor of defendants, Sheriff Richard Doria, the County of Du Page and the Du Page County sheriff's merit commission. In this action, plaintiff sought recovery for damages sustained when she was assaulted by Du Page County Deputy Sheriff Richard A. Schramm, who was dismissed below by plaintiff as a defendant herein and is not a party to this appeal.

The circumstances from which this case arose are as follows. On July 22, 1981, plaintiff was walking her dog along the Illinois Prairie Path in West Chicago when she was approached by Richard Schramm, who was an off-duty Du Page County sheriff's deputy. Schramm was wearing army fatigues and carrying a Mac-10 machine gun and a stun gun. Upon passing the plaintiff, Schramm shot her in the leg with the stun gun. He then told her that she was trespassing on army property and would have to accompany him to army headquarters. When plaintiff refused and Schramm threatened to kill her, plaintiff followed Schramm into the woods where he raped her. After the rape, Schramm began talking about his problems and showed plaintiff his deputy's badge. Schramm offered to walk plaintiff home, and while they were walking Schramm took out a knife and cut plaintiff's back. Plaintiff struggled with Schramm and was able to grab the machine gun, strike Schramm over the head with it, and run away.

Plaintiff subsequently filed a three-count complaint against Schramm and the other defendants. Count I sounded in tort against Schramm, individually, and against Du Page County and Sheriff Doria on a theory of *respondeat superior*. Count II alleged negligence on the part of Du Page County, the sheriff and the merit commission in the employing and retaining of Schramm as a deputy sheriff when it was known, or should have been known, he was psychologically unstable and incompetent. Count III alleged certain civil rights violations as to all defendants. As noted, plaintiff dismissed Schramm from the suit in the trial court and has not appealed from the dismissal of count III by the trial court for failure to state a cause of action.

The remaining defendants' answer to plaintiff's complaint admitted that Schramm had been a deputy sheriff and had committed the assault upon plaintiff, but denied other allegations of the complaint. Defendants filed a motion for summary judgment as to counts I and II, supporting it with the affidavit of defendant Doria and an exhibit consisting of Schramm's personnel records from the sheriff's department. Plaintiff responded with additional personnel records, and excerpts from certain discovery depositions and exhibits. The following facts are established from the pleadings, exhibits, depositions, affidavits and admissions filed in the case: Richard Schramm applied for a position as a Du Page County sheriff's deputy in 1974. The sheriff's department conducted a background investigation on him which included a fingerprint and record check, verification of high school diploma, birth certificate, military discharge, credit check, verification of prior employment, oral interview, written examinations, medical examinations, psychological examination and agility test. No adverse

information was disclosed. Although the department was informed that Schramm had been satisfactorily employed by the West Chicago police department, it was not disclosed that as a result of psychological tests and a polygraph examination administered in West Chicago, Schramm had been determined to be untrustworthy and a high security risk. Schramm was hired as a deputy on November 29, 1976. In July 1981, Schramm applied for assignment to the special operations team but psychological testing indicated that he was unsuitable. Schramm's superiors rated him an average deputy; he received a few commendations and no citizen complaints were made against him.

In his affidavit, Sheriff Doria stated that Schramm was not on duty as a deputy sheriff at the time of the assault upon plaintiff and that the department had not issued Schramm any weapons or camouflage uniform. A police report admitted as an exhibit in the deposition of Officer Thomas Stuckey related that Schramm had shown the stun gun to Deputies Mulloy and Stuckey and had described how it could be used by a rapist in subduing his victim. Schramm had also brought a Mac-10 machine gun to the department and had shown it to Stuckey and Doria.

The trial court granted defendants' motion for summary judgment finding, as a matter of law, that plaintiff could not recover on her theories of *respondeat superior* or negligent employment and retention as Schramm was not acting within the scope of his employment as a deputy sheriff when he assaulted plaintiff, and there could thus be no causal connection between a breach of defendants' duty and plaintiff's injuries, and also on the grounds that defendants did not owe a "special duty" to plaintiff.

■■ ■ We consider first plaintiff's contention that the trial court erroneously granted summary judgment on count I of the complaint in which plaintiff sought recovery under the doctrine of *respondeat superior*. Summary judgment should be granted only if the pleadings, affidavits and depositions on file reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005; *Murphy v. Urso* (1981), 88 Ill. 2d 444, 463-64, 430 N.E.2d 1079; *Kroll v. Sugar Supply Corp.* (1983), 116 Ill. App. 3d 969, 975, 452 N.E.2d 649, *appeal denied* (1983), 96 Ill. 2d 560.) In deciding such a motion, the trial court must construe any evidence in support of it strictly against the movant and liberally in favor of the opponent. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 398, 415 N.E.2d 593.) If any facts upon which reasonable persons may disagree are identified, or any inferences therefore, the circuit court must deny the motion for summary judg-

ment and direct that the resolution of those facts and inferences be made at trial. *Montes v. Hawkins* (1984), 126 Ill. App. 3d 419, 423, 466 N.E.2d 1271; *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.* (1979), 74 Ill. App. 3d 778, 794, 392 N.E.2d 135, *aff'd* (1981), 85 Ill. 2d 161, 421 N.E.2d 864.

■ The circuit court found that since Schramm's acts of raping and assaulting the plaintiff were outside the scope of his employment as a matter of law, plaintiff could not recover from defendants on the basis of *respondeat superior*. Under that doctrine, an employer is liable for an employee's torts committed within the scope of his employment; but when the act is committed solely for the benefit of the employee, the employer is not liable to the injured third party. (*Johanson v. William Johnston Printing Co.* (1914), 263 Ill. 236, 240, 104 N.E. 1046; *Hoover v. University of Chicago Hospitals* (1977), 51 Ill. App. 3d 263, 266-67, 366 N.E.2d 925.) The fact that the employee has acted in an outrageous manner is evidence that he departed from the scope of employment and, instead, acted for purely personal reasons. (*Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 493, 422 N.E.2d 925; *Dzing v. City of Chicago* (1980), 84 Ill. App. 3d 704, 706, 406 N.E.2d 121, *appeal denied* (1980), 81 Ill. 2d 590; *Gambling v. Cornish* (N.D. Ill. 1977), 426 F. Supp. 1153, 1155; Restatement (Second) of Agency sec. 245, comment *f* (1958).) In *Dzing v. City of Chicago*, an intoxicated, off-duty policeman entered the plaintiff's apartment, mistaking it for his own, and shot her. In *Gambling v. Cornish* (N.D. Ill. 1977), 426 F. Supp. 1153, two off-duty policemen abducted the plaintiff and raped her. In both cases, it was held that the employee's conduct was too outrageous to be within the scope of their employment.

This reasoning is consistent with that expressed in the Restatement:

> "The liability of a master for the use of force by a servant is not prevented by the fact that the servant acts in part because of a personal motive, such as revenge. The master, however, is relieved from liability under the rule stated in this Section if the servant has no intent to act on his master's behalf, although the events from which the tortious act follows arise while the servant is acting in the employment and the servant becomes angry because of them. The fact that the servant acts in an outrageous manner or inflicts a punishment out of all proportion to the necessities of his master's business is evidence indicating that the servant has departed from the scope of employment in performing the act." Restatement (Second) of Agency sec. 245, comment *f*, at 541 (1958).

■ Although the questions of whether an employee has departed from the scope of employment by acting purely for his own interest is normally one for the jury to determine (*Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 748, 394 N.E.2d 665; *Bonnem v. Harrison* (1958), 17 Ill. App. 2d 292, 298-99, 150 N.E.2d 383; *Metzler v. Layton* (1939) 298 Ill. App. 529, 535, 19 N.E.2d 130, *aff'd* (1939), 373 Ill. 88, 25 N.E.2d 60), in the present case it is an undisputed fact that Schramm raped and assaulted the plaintiff. Applying the "outrageous conduct" rule to these facts, we agree with the trial court that Schramm's conduct was beyond the scope of his employment as a deputy sheriff, and summary judgment was incorrectly entered as to count I.

■ Plaintiff next contends that the trial court erroneously granted summary judgment as to count II of the complaint, which was premised upon a theory of negligent hiring and retention.

It is well established that a cause of action exists against an employer for negligently hiring, or retaining in his employment, an employee he knew, or should have known, was unfit for the job so as to create a danger of harm to third persons. (*Fallon v. Indian Trail School* (1986), 148 Ill. App. 3d 931, 935; *Malorney v. B & L Motor Freight, Inc.* (1986), 146 Ill. App. 3d 265, 268, 496 N.E.2d 1086; *Easley v. Appollo Detective Agency, Inc.* (1979), 69 Ill. App. 3d 920, 931, 387 N.E.2d 1241; *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 338, 443 N.E.2d 1162; *Western Stone Co. v. Whalen* (1894), 151 Ill. 472, 38 N.E. 241.) The Restatement describes the cause of action as follows:

> "A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
>
> (b) in the employment of improper persons or instrumentalities in work involving risk or harm to others." Restatement (Second) of Agency sec. 213 (1958); see *Tatham v. Wabash R.R. Co.* (1952), 412 Ill. 568, 572-73, 107 N.E.2d 735.

The circuit court found, in part, that plaintiff could not sustain the action for negligent hiring and retention absent a showing that the defendants owed her a special duty. Plaintiff argues that the "special duty" exception to the rule that a municipality is not liable for failure to exercise its general police powers is inapplicable to an action for negligent hiring and retention, and we agree.

■ A municipality is not liable for its failure to provide the public at large with police protection (*Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 363, 243 N.E.2d 214) except where the police have assumed a special relationship to a particular individual (*Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 176, 446 N.E.2d 1183,

*appeal denied* (1983), 96 Ill 2d 541; *Porter v. City of Urbana* (1980), 88 Ill. App. 3d 443, 446, 410 N.E.2d 610, *appeal denied* (1980), 82 Ill. 2d 588). The public-duty doctrine is inapplicable to the present case where plaintiff seeks to impose liability based upon the defendants' negligent employment of a law-enforcement officer, not upon defendants' failure to prevent the commission of crimes. However, as earlier noted, an employer does have a duty to refrain from hiring or retaining an employee who is a threat to third persons to whom the employee is exposed (*Pascoe v. Meadowmoor Dairies* (1963), 41 Ill. App. 2d 52, 56, 190 N.E.2d 156, *appeal denied* (1963), 27 Ill. 2d 625), and such a cause of action arises in favor of a person who is injured as the proximate result of the employer's negligence in hiring or retaining the employee. In the present case, summary judgment was improperly granted as to count II on the stated basis that plaintiff was required to show a special duty.

Nevertheless, in order to withstand defendants' motion for summary judgment as to count II, plaintiff was required to show that any negligence of defendants in hiring or retaining Schramm was the proximate cause of her injuries. (See Annot., 48 A.L.R.3d 359, 361 (1973); 53 Am. Jur. 2d *Master & Servant* sec. 422 (1970).) The circuit court also found that as Schramm was not acting within the scope of his employment, there could be no causal connection between a breach of defendants' duty and plaintiff's injuries. Plaintiff argues that a cause of action for negligent hiring and retention will lie even where the employee's actions are outside the scope of his employment, citing *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 338, 443 N.E.2d 1162, *appeal denied* (1983), 93 Ill. 2d 542.

Our supreme court long ago recognized that an employer's direct liability for negligent hiring and retention differs from his liability by way of *respondeat superior* (*Tatham v. Wabash R.R. Co.* (1952), 412 Ill. 568, 569-70, 107 N.E.2d 735), and it has been held that the former action may be maintained even if the employee's conduct falls outside the scope of employment (*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 338, 433 N.E.2d 1162; *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 964, 370 N.E.2d 1235).

■ Although the scope of employment is not a pertinent consideration in an action for negligent hiring and retention, proximate cause is an essential element which must be pleaded and proved in any cause of action in tort for negligence, and plaintiff's injuries here must be shown to have been brought about by reason of employment of the incompetent servant. Thus, in ascertaining whether there is a causal connection between the employer's negligence and plaintiff's

injuries, it is necessary to inquire whether the injury occurred by virtue of the servant's employment. The Restatement provides that liability attaches in such a case "because of the employment." (Restatement (Second) of Agency sec. 213, comment *d*, at 460 (1958).) In the reported cases considering this cause of action it is apparent that liability attached only where there was demonstrated some connection between the plaintiff's injuries and the fact of employment. (See, *e.g.*, *Western Stone Co. v. Whalen* (1894), 151 Ill. 472, 28 N.E. 241; *Peters v. Bellinger* (1960), 19 Ill. 2d 367, 166 N.E.2d 581; *Malorney v. B & L Motor Freight, Inc.* (1986), 146 Ill. App. 3d 265, 496 N.E.2d 1086; *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162, *appeal denied* (1983), 93 Ill. 2d 542; *Biggs v. Terminal R.R. Association* (1982), 110 Ill. App. 3d 709, 442 N.E.2d 1353; *Pascoe v. Meadowmoor Dairies* (1963), 41 Ill. App. 2d 52, 190 N.E.2d 156, *appeal denied* (1963), 27 Ill. 2d 625; Annot., 34 A.L.R.2d 372 (1954); Annot., 48 A.L.R.3d 359 (1973).) Were such a connection not required, an employer would essentially be an insurer of the safety of every person who happens to come into contact with his employee simply because of his status as an employee. We find no support for such a consideration.

In the present case, we conclude that summary judgment was properly granted as to count II since there was no factual basis alleged to show that plaintiff's injuries were occasioned in any way because of Schramm's employment as a sheriff's deputy. The undisputed facts are that at the time of the assault Schramm was not on duty, not issued departmental weapons or uniform, nor engaged in conducting any of his duties as a sheriff's deputy. Plaintiff has failed to present any evidence to raise issues of fact upon which she could recover in a cause of action for negligent hiring and retention. As the trial court properly granted summary judgment in favor of the defendants as to counts I and II of plaintiff's complaint, its judgment is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.