552 So.2d 1146 (1989)
James Michael WATSON, As Representative of the Estate of Michael Corso, Deceased, Appellant,
v.
The CITY OF HIALEAH, Appellee.
No. 88-1279.
District Court of Appeal of Florida, Third District.
November 7, 1989.
*1147 Gievers & Spital, P.A., Cooper, Wolfe & Bolotin, P.A., and Linda G. Katsin and Sharon L. Wolfe, Miami, for appellant.
Gaebe, Murphy, Mullen & Antonelli, Coral Gables, and David Kleinberg, Miami, and Michael J. Murphy, Coral Gables, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
James Michael Watson, personal representative of Michael Corso's estate, appeals from an order granting the City of Hialeah's Motion for Judgment in Accordance with its Motion for a Directed Verdict. We affirm.
In January, 1985, two City of Hialeah police officers, while staging a drug "ripoff," murdered Michael Corso and his girlfriend. The officers, Carlos Simon and Richard Caride, used their Hialeah police badges, "rights cards," radios, and portable blue bubble light on their car's dashboard to gain entry into Corso's residence. The officers were not in uniform. Corso's residence was in South Dade, well outside the Hialeah city limits and the officers' jurisdiction.
Watson, personal representative of Corso's estate, sued the City of Hialeah alleging vicarious liability,[1] negligent hiring, and negligent retention.
At trial, Watson presented ample evidence that Simon and Caride were far from model police officers while employed by the City of Hialeah. Testimony established that they displayed low levels of maturity, abused their positions as police officers when dealing with the public, and generally presented significant disciplinary problems.
Specifically, there was evidence that Simon filed a false report and that Caride carried into the police station a loaded shotgun which discharged. Caride also avoided *1148 answering calls. Together, the officers verbally harassed a female security guard when responding to a shoplifting report at a Sears store and later used the police computer to get her address. Off duty, they were involved in a brawl at a nightclub and, when they went to a local hospital for treatment of injuries received in the brawl, offensively demanded immediate treatment because they were police officers, and disrupted the emergency room. Both the Sears security guard and the emergency room director filed complaints with the police department. The officers' division commander wrote a series of memos to the police chief detailing the officers' misconduct and recommended that the two officers be separated and watched closely.
The jury found that the city had negligently hired[2] and retained the officers, and that the city's negligence was a legal cause of Corso's death. The jury awarded a total of $77,500 in damages. The city had moved for a directed verdict at the close of plaintiff's case, renewed its motion at the close of the evidence and, after the verdict was rendered, moved for judgment in accordance with the motion for a directed verdict.
The trial court granted the city's motion for judgment. The court ruled that the Corso murder was committed outside the scope of employment and that there was no evidence that the crime was caused by any act or omission of the city. We affirm the order on the ground that the element of causation was not proven. However, to explain why the order was ultimately correct, we must first clarify the difference between an action seeking to impose vicarious liability on an employer and an action against an employer based on the tort of negligent retention.
The order on appeal shows that the trial court misapprehended the nature of the tort of negligent retention when it directed a verdict on the ground that the officers' conduct was outside the course and scope of employment. By its very nature, an action for negligent retention involves acts which are not within the course and scope of employment and allows recovery even when an employer is not vicariously liable under the doctrine of respondeat superior. The Florida supreme court first recognized the tort of negligent retention in 1954, stating that the action was grounded on an employer's negligence in "knowingly keeping a dangerous servant on the premises which defendant knew or should have known was dangerous and incompetent and liable to do harm to the tenants." Mallory v. O'Neil, 69 So.2d 313, 315 (Fla. 1954). See also Garcia v. Duffy, 492 So.2d 435, 438 (Fla. 2d DCA 1986) ("... negligent ... retention, allows for recovery against an employer for acts of an employee committed outside the scope and
(1977) ("The application of the theory of independent negligence in hiring or retaining an employee becomes important in cases where the act of the employee either was not, or may not have been, within the scope of his employment.").
However, an employer's liability for negligent retention is not unlimited. There must be "some rational basis for limiting the boundaries of that liability; otherwise, an employer would be an absolute guarantor and strictly liable for any acts committed by his employee against any person under any circumstances... ." Garcia v. Duffy, 492 So.2d at 439. In Garcia, the second district held that an *1149 employer is only liable to an injured plaintiff for negligent retention when the employer has a "legal duty, arising out of the relationship between the employment in question and the particular plaintiff, owed to a plaintiff who is within the zone of foreseeable risks created by the employment." Id. at 440 (emphasis added). Put differently, not only must the employer owe a duty to the plaintiff; the breach of that duty must be the proximate cause of the plaintiff's harm. See Harrison v. Tallahassee Furniture Co., 529 So.2d 790 (Fla. 1st DCA 1988) (proximate causation pivotal to legal theory of negligent hiring and retention). "Although the scope of employment is not a pertinent consideration in an action for negligent hiring and retention, proximate cause is an essential element which must be pleaded and proved in any cause of action in tort for negligence, and plaintiff's injuries here must be shown to have been brought about by reason of the employment of the incompetent servant." Bates v. Doria, 150 Ill. App.3d 1025, 1032, 104 Ill.Dec. 191, 196, 502 N.E.2d 454, 459 (1986) (emphasis added) (where rape victim's injuries not shown to be caused by rapist's employment as sheriff's deputy, sheriff and county could not be held liable for negligent hiring or retention). See also D.R.R. v. English Enters., CATV, Div. of Gator Transp., Inc., 356 N.W.2d 580 (Iowa Ct. App. 1984), F & T Co. v. Woods, 92 N.M. 697, 594 P.2d 745 (1979) (to hold employer liable for negligent hiring or retention, employer's negligence must be proximate cause of plaintiff's injuries).
There is no question that Officers Simon and Caride presented serious disciplinary problems. However, as a matter of law, the city cannot be held liable for the heinous crime the officers committed. Even if the city was negligent in failing to discharge, reassign, or transfer the two officers, there is no causal connection between the officers' continued employment and Corso's murder.
Proximate cause requires both a showing of cause-in-fact and a showing of foreseeability. Tieder v. Little, 502 So.2d 923 (Fla. 3d DCA), rev. denied, 511 So.2d 298, and sub nom. University of Miami v. Tieder, 511 So.2d 300 (Fla. 1987). Watson failed to present substantial competent evidence that the officers' employment was the cause-in-fact of Corso's murder. "Generally speaking, Florida courts have followed a `but for' causation-in-fact test, that is, `to constitute proximate cause there must be such a natural, direct and continuous sequence between the negligent act [or omission] and the [plaintiff's] injury that it can be reasonably said that but for the [negligent] act [or omission] the injury would not have occurred'." Tieder, 502 So.2d at 925 (citations omitted).
Even though Simon and Caride used police equipment to gain entry into Corso's house, the record shows that such equipment is readily available in Dade County and can easily be reproduced and forged. The officers' use of police interrogation tactics during the home invasion likewise failed to provide the necessary causal connection between their employment and the murder. Therefore, as a matter of law, the evidence did not establish cause-in-fact.
Additionally, the evidence failed to establish that, as a matter of law, the crime committed was foreseeable by the city. Cf. Dieter v. Baker Serv. Tools, 739 S.W.2d 405 (Tex. Ct. App. 1987) (for employer to be liable for negligent hiring, plaintiff must show foreseeability of employee's acts as element of proximate cause). None of the many and varied instances of the officers' misconduct was sufficiently egregious to charge the city with knowledge that the officers would commit murder. See Garcia v. Duffy, 492 So.2d at 435 ("For example, an employer who learns of an employee's conviction for petit theft cannot be deemed liable, on the basis of negligent retention upon constructive or actual notice of that crime, for the employee's subsequent rape of a customer."). Simon and Caride's actions were so bizarre that they were "beyond the scope of any fair assessment of danger created by the Defendant's negligence." Department of Transp. v. Anglin, 502 So.2d 896, 899 (Fla. 1987). Finally, even if the city had fired or reassigned Simon and Caride, there is no reason *1150 to believe that such action would have prevented the Corso murder.
In sum, the trial court initially confused the tort of negligent retention with the doctrine of vicarious liability but correctly found that there was no causal link between the city's acts or omissions and the crime committed.[3] Therefore, we affirm the order granting the city's Motion for Judgment in Accordance with its Motion for a Directed Verdict.
Affirmed.
NOTES
[1] Watson abandoned the count for vicarious liability.
[2] At oral argument, counsel for Watson conceded that the claim for negligent hiring had not been proven at trial. The claim for negligent retention is not dependent upon a negligent hiring. The two torts are related but independent. "The principal difference between negligent hiring and negligent retention as bases for employer liability is the time at which the employer is charged with knowledge of the employee's unfitness. Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness... . Negligent retention ... occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." Garcia v. Duffy, 492 So.2d 435, 439 (Fla. 2d DCA 1986).
[3] Although issues of proximate cause are generally jury questions, "where reasonable people cannot differ, the issue has been said to be one of law for the court." Stahl v. Metropolitan Dade County, 438 So.2d 14, 21 (Fla. 3d DCA 1983) (citations omitted).