PER CURIAM.
 Luis Manrique appeals the dismissal with prejudice of his amended complaint against Bob’s Plumbing Company. We conclude that the dismissal was entirely correct. First, the actions of the employee of Bob’s Plumbing were beyond the course and scope of his employment, and accordingly the claim for vicarious liability on the part of Bob’s Plumbing was correctly dismissed. See Reina v. Metropolitan Dade County, 285 So.2d 648 (Fla. 3d DCA 1973), writ discharged, 304 So.2d 101 (Fla.1974). Second, on the facts alleged there was no claim for negligent retention of the employee, as plaintiff was not within the zone of foreseeable risk created by the employment. See Watson v. City of Hialeah, 552 So.2d 1146 (Fla. 3d DCA 1989); Garcia v. Duffy, 492 So.2d 435, 440 (Fla. 2d DCA 1986). Finally, plaintiff also alleged that the employer had failed to control the conduct of its servant, thus breaching a duty recognized under Restatement (Second) of Torts section 317. Assuming arguendo that this claim is not subsumed within the claim for negligent retention, the allegations of the amended complaint do not state a cause of action under section 317.*
Affirmed.

 Bob's Plumbing argues that section 317 is the foundation of the cause of action for negligent hiring and retention, see Garcia v. Duffy, 492 So.2d at 438; see also Mallory v. O'Neil, 69 So.2d 313, 315 (Fla.1954) (recognizing § 317), and is subsumed therein. Bob’s contends that as a matter of law, a claim under section 317 cannot be maintained in addition to a claim for negligent hiring and retention, but instead constitutes a single cause of action. This court has on one occasion treated the two as separate causes of action, but without discussing the point. See Bennett v. Godfather’s Pizza, Inc., 570 So.2d 1351, 1354 (Fla. 3d DCA 1990). Because no cause of action was stated under any formulation, we need not resolve the issue here.