**Houston JONES, Plaintiff,**

v.

**VILLAGE OF VILLA PARK,
a municipal corporation,
et al., Defendants.**

**No. 91 C 7095.**

United States District Court,
N.D. Illinois, E.D.

Jan. 24, 1992.

---

**10.** Attached to Hunley's petition as Exhibit A.

**534**

Edward G. Proctor, Jr., Sandman, Levy & Petrich, Chicago, Ill., for plaintiff.

Richard T. Ryan, Mark F. Smolens, Richard L. Jones, Flynn, Murphy, Ryan & Seyring, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Houston Jones alleges that, on November 6, 1990, he was arrested by defendants John Heidelmeier, Tyson Johnson, G. Esposito, Robert Deevey, John Payne, and Stuart Lucado. These defendants are alleged to be members of the police department of defendant Village of Villa Park. It is alleged that plaintiff, a diabetic, was suffering an insulin attack at the time of his arrest. It is further alleged that the police officers handcuffed him and continually beat him with clubs and their fists. It is also alleged that plaintiff was tried on the charges filed against him and was found not guilty. Presently pending is defendants' motion to dismiss three of the ten counts contained in plaintiff's complaint. On such a motion, all the well-pleaded allegations of the complaint are assumed to be true and all inferences are drawn in plaintiff's favor. *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1039 (7th Cir.1987).

As a general matter, defendants complain that the individual defendants need not be named in their official capacities since the Village is expressly named as a defendant. Plaintiff disclaims any intention of suing the police officers other than in their individual capacity. Paragraph 4 of the complaint, however, could be construed as alleging official capacity claims. To clarify matters, any official capacity claims against the individual police officers will be dismissed.

Count I is labeled as a "civil rights violation" against the police officers. It is apparently an excessive force and false arrest claim. Defendants do not argue that Count I fails to adequately allege a claim. Count II is the same claim, except that it is against the Village. It contains additional allegations that the Village knew of the police officers' propensity to use excessive force, but nevertheless failed to properly train, supervise, regulate, or discipline them. It is also alleged that no guidelines

for the use of force existed and that the Village condoned the use of force. Plaintiff, however, does not allege any specific instances of the use of excessive force by these or any other Villa Park police officers other than the one incident involving plaintiff.

Plaintiff does not dispute that the general allegations are insufficient to support a municipal liability claim unless he can allege more than one instance of police misconduct. *See Strauss v. City of Chicago,* 760 F.2d 765, 767–69 (7th Cir.1985); *Vukadinovich v. McCarthy,* 901 F.2d 1439, 1444 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 761, 112 L.Ed.2d 780 (1991); *Hossman v. Blunk,* 784 F.2d 793, 797 (7th Cir.1986). Citing *Kibbe v. City of Springfield,* 777 F.2d 801, 805–06 (1st Cir.1985), *cert. dismissed,* 480 U.S. 257, 107 S.Ct. 1114, 94 L.Ed.2d 293 (1987), plaintiff argues that alleging the involvement of multiple officers is equivalent to alleging more than one instance of misconduct. No Seventh Circuit precedent has been found to support this contention and this interpretation is inconsistent with the Seventh Circuit's pleading requirements. By alleging a series or pattern of misconduct, it is possible to infer that the municipality was aware of a problem but acted with deliberate indifference by ignoring it. It is also possible to infer that the municipality has tacitly authorized the pattern or custom shown as its policy. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1515 (7th Cir.1990). Where, however, there is only a single incident, even one involving six officers, there is no pattern for the municipality to become aware of so that it can be found to have tacitly authorized the continued practice of the pattern, nor can the municipality be found to be acting in a deliberately indifferent manner in permitting the continuance of the practice. Plaintiff has failed to allege a sufficient basis for holding the Village liable on the federal claim. Count II will be dismissed.[1]

Count IV is a negligence claim against the Village and police officers.[2] Defendants contend they are immune from this claim in that Illinois law precludes liability for a public employee's acts or omissions in the "execution or enforcement of any law" unless the employee's conduct is willful and wanton. Ill.Rev.Stat. ch. 85, ¶ 2–202. Plaintiff argues that he does not necessarily allege that the officers were executing or enforcing a law.

Plaintiff alleges that defendants were arresting him when they caused him injury. Specifically, plaintiff alleges:

> Defendants committed one or more of the following negligent acts:
> (a) Carelessly and negligently used excessive force in placing the Plaintiff under arrest;
> (b) Carelessly and negligently failed to verbally notify the Plaintiff that he was under arrest;
> (c) Carelessly and negligently physically restrained the Plaintiff when physical restraint was not necessary to accomplish his arrest;
> (d) Carelessly and negligently placed the Plaintiff in handcuffs;
> (e) Carelessly and negligently failed to follow proper police procedure in placing the Plaintiff under arrest.

Complaint ¶ 31.

Effecting an arrest is the execution or enforcement of a law. *Glover v. City of Chicago,* 106 Ill.App.3d 1066, 62 Ill.Dec. 597, 603, 436 N.E.2d 623, 629 (1st Dist. 1982). The Illinois courts have, to a certain degree, narrowly construed the applicability of § 2–202 immunity. For a period of time the courts tended to fragment the acts of the municipal employee, determining whether the specific acts of negligence were acts executing or enforcing the law.

1. Although the only federal claim against the Village is being dismissed, jurisdiction still exists over the state law claims against the Village. A recently enacted statute permits the exercise of pendent party jurisdiction in the present type of situation in that the state law claims against the Village are substantially related to the federal claim against the officers. *See* 28 U.S.C. § 1367(a).

2. In other state law counts, plaintiff alleges defendants acted intentionally or wilfully and wantonly.

*See Fitzpatrick v. City of Chicago*, 112 Ill.2d 211, 97 Ill.Dec. 419, 424, 492 N.E.2d 1292, 1296 (1986) (collecting cases). More recently, however, the Illinois Supreme Court has rejected the approach of so greatly fragmenting an employee's conduct and instead holds that enforcing or executing the law should be viewed as a course of conduct. *Id.; Thompson v. City of Chicago*, 108 Ill.2d 429, 92 Ill.Dec. 231, 233, 484 N.E.2d 1086, 1088 (1985); *Aikens v. Morris*, 145 Ill.2d 273, 164 Ill.Dec. 571, 575, 583 N.E.2d 487, 491 (1991). While the Court still holds to the view that not all official functions of a police officer are immunized acts of executing or enforcing the law, it also holds that a "cognizable and related group of actions" that are part of a course of conduct enforcing the law will all be immunized actions. *Id.* 164 Ill.Dec. at 575, 583 N.E.2d at 491. Even under this standard, it would still appear to be possible to injure an arrested person other than in the course of arresting him or her and such conduct would not be immunized by § 2–202. Plaintiff, however, specifically alleges that the negligence occurred in the course of arresting him. *See* Complaint ¶ 31. The negligence alleged, therefore, was part of acts enforcing or executing the law. Defendants are immune from this negligence claim. Count IV will be dismissed.

■■■ Count X is a state law claim against the Village for negligent hiring, training, and supervision of the police officers. Neither party cites any state law regarding such a claim.[3] Defendants assert that the claim must fail because there is no specific allegation that the Village had knowledge of facts showing any of the defendants should not have been hired. Even assuming such a specific allegation is required, that argument only goes to negligent hiring; it does not address negligent training or negligent supervision.

Also, although plaintiff relies on the same arguments that he made regarding Count II, arguments that were found to be insufficient, a different standard would be applicable to Count X. Unlike a federal constitutional claim against a municipality, the state law claim does not require that the plaintiff allege a municipal policy or custom. Instead, the municipality can be held liable based on *respondeat superior* for the conduct of any employee within the scope of his or her employment. *Melbourne Corp. v. City of Chicago*, 76 Ill. App.3d 595, 31 Ill.Dec. 914, 921, 394 N.E.2d 1291, 1298 (1st Dist.1979); *LaMonte v. City of Belleville*, 41 Ill.App.3d 697, 355 N.E.2d 70, 77–78 (5th Dist.1976). *See also Bates v. Doria*, 150 Ill.App.3d 1025, 104 Ill.Dec. 191, 195, 502 N.E.2d 454, 457 (2d Dist.1986). Thus, the Village can be liable if any employee failed to adequately supervise or acted negligently in hiring. This is unlike the federal claim which required proof of a pattern of abuse or the act of a policymaking official. Finding pleading deficiencies in Count II does not require the same holding for Count X.

Defendant has not presented any argument that would require the dismissal of Count X. Count X may stand.

IT IS THEREFORE ORDERED that defendants' motion to dismiss is granted in part and denied in part. Counts II and IV are dismissed. Any official capacity claims against the defendant police officers are also dismissed. Defendant Village of Villa Park shall answer Count X within two weeks of the date of this order.

■■■■■

---

**3.** It is noted, though, that Illinois apparently recognizes negligent hiring or supervision claims against a municipality. *See Bates v. Doria*, 150 Ill.App.3d 1025, 104 Ill.Dec. 191, 195–96, 502 N.E.2d 454, 458–59 (2d Dist.1986).