Melnee SIMMONS, Plaintiff,

v.

CHICAGO PUBLIC LIBRARY and
City of Chicago, a Municipal
Corporation, Defendants.

No. 94 C 269.

United States District Court,
N.D. Illinois,
Eastern Division.

June 15, 1994.

Mary Jude Adams, Sloan and Adams, Chicago, IL, for plaintiff.

Susan S. Sher, Douglas Marshall McMillan, Patrick J. Rocks, Jr., Catharine Anne Mullen, Tracey Renee Ladner, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for defendants.

*MEMORANDUM OPINION*
*AND ORDER*

ASPEN, District Judge:

On September 4, 1992, George Gill ("Gill"), an employee of the Chicago Public Library ("CPL") physically assaulted plaintiff Melnee Simmons ("Simmons"). As a result of the assault, and in response to alleged racial discrimination in employment, Simmons filed a four-count complaint against defendants Gill, the CPL, and the City of Chicago ("City") alleging assault and battery (Count I), intentional infliction of emotional distress (Count II), negligent retention of an employee (Count III), and racial discrimination under 42 U.S.C. §§ 1981 and 1983 (Count IV). Although originally filed in state court against all three defendants, the action has been removed to this Court and has been winnowed down to two claims against the City.[1] Presently before us is the City's mo-

---

1. Simmons dismissed Counts I and II (for assault and battery and emotional distress), acknowledging that these claims are time-barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/8–101, *et seq.* Because Gill was only named in

tion to dismiss the remaining claims against it and Simmons' motion to remand. For the following reasons, we deny the City's motion in part, grant it in part, and deny Simmons' motion to remand.

## I. Factual Background

On September 4, 1992, Simmons, an African–American, was working at the Pullman branch of the CPL, as was her co-worker Gill. While on duty, Gill "forcefully and physically assaulted" Simmons. After the attack, the City, by its agents, discouraged Simmons from pressing charges against Gill, telling her that they would take care of the situation. Notwithstanding these assurances, the City failed either to investigate the incident or to discharge Gill.

Simmons alleges that the City's failure to take any action against Gill after the attack constitutes racial discrimination. She goes on to charge the City with additional discriminatory acts, asserting that the City (1) promoted white employees over her despite her performance, (2) denied her staffing requests, (3) transferred her to a less desirable library location, claiming that she "was a problem they did not want to handle," and (4) denied her application for a supervisory position, giving the job to a white woman instead. Cmplt. at ¶ 29.

## II. Discussion

### A. Count IV—§§ 1981 and 1983 Claims

Before addressing the City's motion to dismiss the remaining common-law claim or Simmons' motion to remand this matter to state court, we first determine the threshold question of whether Simmons' federal claims survive. The City argues that Simmons has failed to state a claim under either §§ 1981 or 1983, and that Count IV should be dismissed. We disagree.

Counts I and II, he is dismissed from this action altogether. Furthermore, Simmons acknowledged that CPL is not a suable entity and that punitive damages will not lie against the City. Accordingly, CPL is also dismissed from this action and Simmons' request for punitive damages is stricken.

2. With respect to Simmons' § 1981 claim, the timing of the alleged discrimination is particular-

In order to state a claim under § 1983, a plaintiff must allege that a state or municipal actor, acting under color of law, violated a federal law or infringed upon a constitutional right. As for § 1981, to prevail a plaintiff must demonstrate that she has been discriminated against in her employment. *See Allen v. City of Chicago,* 828 F.Supp. 543, 560 (N.D.Ill.1993) (citing *Von Zuckerstein v. Argonne Nat'l. Lab.,* 984 F.2d 1467, 1472 n. 2 (7th Cir.1993)). In order for a municipality itself to be held liable under either of these provisions for the acts of its employees, a plaintiff must demonstrate that her injury was the result of a municipal policy or custom. Moreover, § 1981 and § 1983 claims must be brought within two years. According to the City, Simmons (1) fails to allege that her federal claims are timely filed, (2) fails to identify the constitutional right at issue, and (3) fails to allege a custom or policy.

### 1. Timeliness

As the City correctly observes, both §§ 1981 and 1983 have two-year statutes of limitation. *See, e.g., Smith v. Firestone Tire and Rubber Co.,* 875 F.2d 1325, 1326 (7th Cir.1989) (Illinois' four-year statute of limitations for personal injury claims applies to § 1981 suits); *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir.1993) ("section 1983 claims arising in Illinois are governed by a two-year statute of limitations"). By neglecting to allege when the asserted discriminatory acts took place, the City contends, Simmons has failed to plead a viable cause of action under either §§ 1981 or 1983.[2]

A recent Seventh Circuit case laid to rest any notion that a plaintiff must plead facts in her complaint demonstrating that her claims fall within the statute of limitation. Declaring that this "rule [requiring such pleading] makes no sense that we can see," the Sev-

ly relevant, argues the City, since the Civil Rights Act of 1991 significantly broadened the scope of employment discrimination covered under § 1981. However, because Simmons filed her complaint on December 14, 1993, this argument adds nothing to the timeliness discussion, since any events that occurred prior to the 1991 amendments would be time-barred anyway.

enth Circuit, in *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993), citing *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980), made clear that "[t]he statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint." Because Simmons is not obliged to plead the timeliness of her claims, we will not dismiss Count IV on this basis.[3]

### 2. Constitutional Right

■ The City next seeks dismissal of the § 1983 claim on the ground that Simmons fails to identify what federal law or constitutional right has been violated. Indeed, Simmons' complaint lacks any mention of the specific constitutional right at issue here. However, taking all reasonable inferences in her favor, as we must, Simmons has adequately pleaded that the City violated the Fourteenth Amendment guarantee of equal protection, and we thus decline to dismiss Count IV on this basis.

### 3. Custom or Policy

■ Finally, the City contends that Simmons' complaint fails to allege a municipal custom or policy, as required to state a claim for municipal liability under either §§ 1981 or 1983. It is beyond dispute that a plaintiff need not allege an express municipal policy in order to state a claim consistent with *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, "a pattern of conduct by non-policy-making municipal employees may rise to the level of a city policy, custom or usage which is sufficient to give rise to municipal policy." *McLin v. City of Chicago,* 742 F.Supp. 994, 997–998 (N.D.Ill.1990). Here, Simmons alleges that she fell prey to a series of discriminatory actions taken against her by CPL employees. Because Count IV describes a number of allegedly discriminatory incidents, rather than a single such event, it is possible to infer that the City was aware of the

misconduct and tacitly authorized and/or condoned it. *See, e.g., Jones v. Villa Park,* 784 F.Supp. 533, 535 (N.D.Ill.1992) ("By alleging a series or pattern of misconduct, it is possible to infer that the municipality was aware of a problem but acted with deliberate indifference by ignoring it. It is also possible to infer that the municipality has tacitly authorized the pattern or custom shown as its policy."). We therefore deny the City's motion to dismiss Count IV.

### B. Count III—Negligent Retention

The City next moves to dismiss Simmons' negligent retention claim on three grounds: (1) that the claim is preempted by the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1, *et seq.,* (2) that it is untimely under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/8–101, *et seq.,* and (3) that Simmons fails to state a claim for negligent retention. As a threshold matter, we address the City's contention that this claim is preempted by the IWCA.

■ The IWCA ensures that employees may recover from employers for accidental injuries arising out of and in the course of employment. In exchange, the IWCA provides the exclusive remedy for such injuries, and bars common-law actions by employees against employers unless the employee can establish that (1) the injury was not accidental, (2) the injury did not arise from his or her employment, (3) the injury was not received during the course of employment, or (4) the injury was not compensable under the Act. *Meerbrey v. Marshall Field and Co., Inc.,* 139 Ill.2d 455, 564 N.E.2d 1222, 1226, 151 Ill.Dec. 560, 564 (1990). As interpreted by Illinois courts, the exclusivity provisions may preclude negligence suits against employers, but they "will not bar a common law cause of action against an employer ... for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly autho-

---

**3.** Nor do we find the complaint so vague that it fails to put the City on notice of the charges against it. While it would certainly have been helpful for Simmons to include additional facts in her complaint, such as relevant dates and names, the City will have ample opportunity to gain this information during discovery. Accordingly, to the extent the City seeks the alternative remedy of a more definite statement, such relief is denied.

rized by the employer." *Id.* 564 N.E.2d at 1226, 151 Ill.Dec. at 564. *See also Collier v. Wagner Castings Co.*, 81 Ill.2d 229, 408 N.E.2d 198, 41 Ill.Dec. 776 (1980) (employer must have directed, encouraged, or committed alleged intentional torts to escape exclusive remedy provision of the IWCA). In other words, in order to avoid the exclusivity provisions of the IWCA, an employee must allege that an employer acted deliberately and committed an intentional tort. *Copass v. Illinois Power Co.*, 211 Ill.App.3d 205, 569 N.E.2d 1211, 155 Ill.Dec. 600 (4th Dist.1991), *appeal denied*, 141 Ill.2d 537, 580 N.E.2d 110, 162 Ill.Dec. 484 (1991). *See also Russell v. PPG Industries, Inc.*, 953 F.2d 326, 333 (7th Cir.1992) (although employee of subcontractor was "loaned employee" of plant owner, where complaint fell short of alleging intentional conduct, the IWCA barred employee's claim against owner for failing to address a factory hazard).

■ Here, Simmons has alleged that the City negligently retained Gill in its employ after learning about his assault on a co-worker. Although Illinois courts have never directly addressed the issue of whether a claim for negligent retention, or even for negligent hiring, is preempted by workers' compensation, because it is a negligence, rather than an intentional, tort, there is every reason to believe that they would deem such a cause of action barred by the exclusivity provisions. Indeed, the Seventh Circuit has ruled that an employee of an independent contractor cannot sue the contracting principal for, essentially, negligent retention. In *Anderson v. Marathon Petroleum Co.*, 801 F.2d 936 (7th Cir.1986), the court wrote as follows:

> But suppose that a principal, having hired an independent contractor after a careful investigation which showed that the contractor was careful and responsible, discovers that he is careless yet takes no steps to correct his unsafe practices or terminate him; can the victim of the contractor's carelessness get damages from the principal? We assume the answer is "yes" if the victim is a third party, but

Mrs. Anderson has cited no case in which an Illinois court has allowed an employee of the independent contractor to recover damages on this basis. The majority view is that he may not. Again, the reason is that the employee is protected by his workers' compensation rights; again there is a division of authority; again we have no reason to think that Illinois would adopt the minority view.

*Id.* at 942 (citations omitted). Accordingly, we conclude that Count III, sounding as it does in negligence, is preempted by the IWCA and should be dismissed.

■ In any event, it appears that Simmons has failed to state a claim for negligent retention. Illinois "recognizes a tort cause of action against an employer for negligently retaining in its employment an employee that the employer knew or should have known was unfit for the job as to create a danger to third parties." *Geise v. Phoenix Co.*, 246 Ill.App.3d 441, 615 N.E.2d 1179, 1187, 186 Ill.Dec. 122, 130 (2d Dist.1993) (citing *Bates v. Doria*, 150 Ill.App.3d 1025, 1030, 502 N.E.2d 454, 104 Ill.Dec. 191). Because negligent retention, like negligent hiring, is a negligence tort, " 'the plaintiff's allegations must establish (1) the existence of a duty of care owed by the defendant to the plaintiff, (2) breach of that duty, and (3) injury to plaintiff (4) proximately resulting from the breach.' " *Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 884 (7th Cir.1992) (quoting *Puckett v. Mr. Lucky's Ltd.*, 175 Ill.App.3d 355, 529 N.E.2d 1169, 1172, 125 Ill.Dec. 93, 96 (4th Dist.1988) (Knecht, J., dissenting) (citations omitted)). Accordingly, even if the City's retention of Gill following the assault constitutes a breach of duty, Simmons still must allege that she was injured by this employment decision.

■ Count III, however, fails to describe what injury Simmons suffered as a result of the City's decision not to fire Gill. Nor does Simmons' responsive brief shed any further light on what, if any, injury she has suffered as a result of the alleged negligent retention.[4]

---

4. Although Count III neglects to allege any injury in her former Count II (setting forth a claim for emotional distress), Simmons asserted that the City contributed to her emotional distress by

Absent any allegation of injury, Count III fails to state a claim for negligent retention.[5]

## C. Remand

 Having dismissed Simmons' remaining state claims and resolved that her federal claims will go forward, we may quickly dispense with Simmons' motion to remand. Simmons seeks remand on both procedural and substantive grounds. Procedurally, she argues that the City's Notice of Removal fails to state any basis for the removal of the state law claims contained in Counts I, II, and III. Indeed, the City stated only that "Defendants are entitled to remove this action pursuant to the provisions of 28 U.S.C. § 1441(b) in that it appears from the face of plaintiff's complaint that it is founded on a claim or right arising under the Constitution or the laws of the United States." Notice at ¶ 4. While this provision adequately states a basis for removing Count IV, which consists of §§ 1981 and 1983 claims, it provides no independent basis for removing Simmons' state law claims. However, because Counts I, II and III have all been dismissed, the City's error is no longer of any moment.[6]

As for Simmons' substantive arguments, any force they might have had evaporated with the voluntary dismissal of Counts I and II and our dismissal here of Count III. Because all that remains are the federal claims contained in Count IV, we deny Simmons' motion to remand.

## III. Conclusion

For the foregoing reasons, we deny the City's motion to dismiss Count IV of the complaint, grant its motion to dismiss Count III, and deny Simmons' motion to remand this matter. It is so ordered.

---

failing to investigate Gill's attack or remedy the situation. Cmplt. at ¶ 20. While this suggests that Simmons might be able to amend her pleadings to allege the requisite injury, the preemption of this claim by workers' compensation renders any such efforts futile.

5. For the same reasons, Count III is also untimely. The only cited injury occurred more than a year ago and therefore falls outside of the Tort Immunity Act's one-year statute of limitations. 745 ILCS 10/8–101 (statute provides that "[n]o civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.").

6. Even if the state law claims were still present, we would be unwilling to find that the City's failure to cite to 28 U.S.C. § 1367 in its Notice of Removal—a provision that would have afforded a basis for removing Simmons' related state claims—constitutes the sort of deficiency requiring remand here. *See, e.g., Resolution Trust Corp. v. Sloan,* 775 F.Supp. 326, 328 (E.D.Ark. 1991) (stating that "to remand a case that is otherwise removable because the RTC failed to cite section 1441a(*l*) in its removal notice would elevate form over substance, something the Court is unwilling to do in this instance"); *Mignogna v. Sair Aviation, Inc.,* 679 F.Supp. 184, 187 (N.D.N.Y.1988) (same).