John Wallace CORDER, and Lois Alberta Ewin, the natural parents and next of kin of Nathan Corder, Deceased, Plaintiffs–Appellants,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE; Billy Lynch, in his official capacity and Individually, as a supervisory official of the Metropolitan Sheriff's Department; Defendants–Appellees,

and

Troy Stevens, in his official capacity and Individually, as an employee of the Metropolitan Sheriff's Department, Defendant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 4, 1992.

Application for Permission to Appeal Denied by Supreme Court April 26, 1993.

Joseph H. Johnston, Daniel B. Eisenstein, Nashville, for plaintiffs/appellants.

Patricia J. Cottrell, Director of Law, Kennetha Sawyers, Metropolitan Atty., Nashville, for defendants/appellees.

## OPINION

TODD, Presiding Judge.

The captioned plaintiffs have appealed from a partial summary judgment entered pursuant to T.R.C.P. Rule 54.02 dismissing plaintiffs' suit against Metropolitan Government of Nashville and Davidson County, Tennessee and Billy Lynch. Plaintiffs' suit against Troy Stevens remains unadjudicated and is not involved in this appeal.

The suit is for the wrongful death by shooting of Nathan Corder, son of the plaintiffs. The person firing the fatal shot was Troy Stevens, an employee of the Sheriff's Department of Metropolitan Government. Billy Lynch was a supervisory official of the Sheriff's Department.

The deceased was mentally handicapped and resided with his mother. He and Troy Stevens were acquainted, and Stevens had previously allowed deceased to ride with him in his automobile as an accommodation.

Stevens was a correctional officer employed by the Sheriff's Department, hired by the defendant, Lynch. Stevens was required on some occasions to transport prisoners for which purpose and at which time he was authorized to carry his own weapon. His superiors also granted him "permission" to carry his weapon with him between home and work.

On August 31, 1986, Stevens had arranged to meet other correctional officers at a "club." When the other officers failed to appear, Stevens drank three, ten-ounce beers and continued his trip homeward. He stopped at a convenience store to visit the rest room and buy ammunition. Deceased, who was present at the store, requested Stevens to give him a ride home. Stevens, who was in his vehicle, procured his pistol from between the seats and pointed it at deceased. As the weapon was being lowered, it discharged through the door of the car, fatally wounding deceased. Stevens reported the incident to Metropolitan Police stating that he was a Deputy Sheriff. He was wearing a Deputy Sheriff badge at the time.

The complaint states that the suit is brought pursuant to T.C.A. § 29–20–101, et seq. (Governmental Tort Liability Act), and T.C.A. § 8–8–302 (suits against counties for wrong-doing of deputies).

As to the actions of the defendant, Lynch, the complaint states:

13. During the period from 1985 through 1986, defendant BILLY LYNCH, as the Chief Deputy Sheriff of the METROPOLITAN SHERIFF'S DEPARTMENT, was responsible for hiring decisions for the Department based upon the recommendations of Mr. Marty Szeigis, the Administrative Assistant to the Sheriff of the METROPOLITAN SHERIFF'S DEPARTMENT.

. . . .

16. Defendant TROY STEVENS was hired as a correctional officer for the METROPOLITAN SHERIFF'S DEPARTMENT on August 16, 1985, on authority from defendant BILLY LYNCH.

. . . .

33. Officials of the METROPOLITAN SHERIFF'S DEPARTMENT have admitted, after the fact, that there was a foreseeable risk that defendant STEVENS would probably cause harm if permitted to carry a weapon but the persons recommending his employment claim no responsibility for defendant STEVENS' subsequent job assignments.

. . . .

35. The actions of defendant BILLY LYNCH in hiring defendant STEVENS, in spite of information available and known as to defendant STEVENS' diagnosable mental disorder, and in placing him in a position where he could legally carry a loaded firearm to and from work, was done amounted to negligence and gross negligence, per se, in violation of T.C.A. § 38-8-105 and T.C.A. § 38-8-106 and were a proximate cause of the decedent's death.

Metropolitan Government and Lynch joined in a motion to dismiss for failure to state an actionable claim and a motion for summary judgment under undisputed facts.

As stated, the Trial Court entered summary judgment dismissing Metropolitan Government and Lynch.

Plaintiffs have presented to this Court five issues, as follows:

1. Whether or not disputed issues of fact should have precluded the Trial Court from granting summary judgment in favor of defendant Metropolitan Government of Nashville and Davidson County, Tennessee for claims asserted under T.C.A. Section 8-8-302 and T.C.A. Section 29-20-201 et seq.

2. Whether or not the distinction between the terms "by virtue of office" and "under color of office" has been abolished in Tennessee as applied to Deputy Sheriffs.

3. Whether the conduct of defendant Deputy Troy Stevens was not negligent so as to constitute acts and/or omissions causing injury and death to plaintiffs' decedent, Nathan Corder, either by virtue of office or under color of office is a question for the tryer of fact.

4. Whether or not plaintiffs are judicially estopped from asserting that the act of defendant Deputy Troy Stevens in shooting appellants' decedent, Nathan Corder, was "by virtue of office" or "under color of office,"

5. Whether or not disputed issues of fact should have precluded the Trial Court from granting summary judgment in favor of defendant/appellee Chief Deputy Billy Lynch for claims asserted under T.C.A. Section 8-8-302.

T.C.A. § 8-8-302 reads as follows:

**Suits against counties for wrongs of deputies.**—Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of, or under color of his office. [Acts 1972, ch. 800, § 2; T.C.A., § 8-833.]

Pertinent sections of the Governmental Tort Liability Act are as follows:

§ 29-20-201 preserves governmental immunity except as otherwise provided in the Act.

§ 29-20-205 removes immunity for injury caused by a negligent act or omission of any employee within the scope of his employment with enumerated exceptions including:

(1) arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

Section 29-20-310 provides in pertinent part as follows:

**Determinations to be made by court—Restrictions on claims against employees—Medical malpractice—Immunity indemnification and insurabili-**

ty of local government employees.—(a) The court, before holding a governmental entity liable for damages, must first determine that the employee's or employees' act or acts were negligent and the proximate cause of plaintiff's injury, that the employee or employees acted within the scope of his or their employment and that none of the exceptions listed in § 29–20–205 are applicable to the facts before the court.

. . . .

(c) No claim may be brought against an employee or judgment entered against an employee for injury proximately caused by an act or omission of the employee within the scope of his employment for which the governmental entity is immune in any amount in excess of the amounts established for governmental entities in § 29–20–403, unless the act or omission was willful, malicious, criminal, or performed for personal financial gain, or unless the act or omission was one of medical malpractice committed by a health care practitioner and the claim is brought against such health care practitioner.

As pertinent to this appeal, it appears that plaintiff sues Metro Government for the negligent acts of Stevens and Lynch under Section 29–20–205, and for the acts of Stevens and Lynch under § 8–8–302 whether negligent or not. Under § 29–20–205, the negligent act or omission must have been "within the scope of his (the actor's) employment; and under § 8–8–302, the act, negligent or not, must have been "by virtue of, or under the color of, his office."

Plaintiffs first insist that a disputed issue of fact exists as to whether or not "the deputy is, at the time of such occurrence, acting by virtue of, or under color of, his office," as stated in § 8–8–302.

The complaint alleges:

25. At midnight, the end of the second shift at the Criminal Justice Center on August 30, 1986, defendant TROY STEVENS had agreed to stop at a club on his way home to meet with another correctional officer and an ex-supervisor to discuss certain administrative problems at the Metropolitan Sheriff's Department. In accordance with the Firearms Policy of the METROPOLITAN SHERIFF'S DEPARTMENT, defendant STEVENS was carrying his personal firearm in his car at the time. Defendant STEVENS drove to the club after work, but his associates never arrived. At the club defendant STEVENS drank three beers and left in his car to continue on his way home.

26. At approximately 2:30 a.m., on August 31, 1986, NATHAN CORDER was socializing with some friends in front of the Grand Ole Market on Andrew Jackson Parkway in Hermitage, Tennessee, when defendant STEVENS arrived in his automobile.

27. NATHAN CORDER went over to defendant STEVENS' automobile and asked him for a ride to the decedent's home in Hermitage. NATHAN CORDER knew that defendant STEVENS was an officer with the METROPOLITAN SHERIFF'S DEPARTMENT and was asking for assistance. The conversation was friendly and congenial, since defendant STEVENS had apparently given NATHAN CORDER rides home on previous occasions.

28. Then, for no apparent reason, defendant STEVENS pulled out his 9 mm. automatic pistol from between the front seats of his car and, with wanton and reckless disregard for the life and safety of NATHAN CORDER, began to tease him by pointing the gun directly at him. Defendant STEVENS then pulled the trigger, the gun fired and the bullet passed through the car door and entered NATHAN CORDER'S lower right chest causing mortal injury to his right lung, liver and heart with massive internal bleeding. The time was approximately 2:50 a.m.

This statement of facts is an admission of plaintiffs, and is not controverted.

914

Therefore, for purposes of this appeal, it must be taken as true.

■ The uncontradicted circumstances described in plaintiffs' complaint establish conclusively that Stevens was acting neither by virtue of his office nor under color of his office. They establish conclusively that Stevens was an off-duty officer, on his way home from work who was "teasing" a friend or acquaintance. There was no actual or pretended authority for the acts of Stevens.

The deposition of Stevens states that he was off-duty and not "wearing the gun" but it was in his automobile, that, when deceased asked for a ride, he (Stevens) decided to show him the gun to scare him and cause him to stop begging for a ride, that, after showing the gun, he (Stevens) lowered it inside his auto where it discharged a bullet which passed through the door and struck the deceased. The uncontradicted testimony of Stevens establishes that the shooting was not by virtue of or under color of the office of Deputy Sheriff.

Plaintiffs assert that Stevens identified himself as a Deputy Sheriff at the scene, but this occurred after the shooting in his report to police, and in no way evidences any wrongful action by virtue of or under color of office. The fact that Stevens was wearing a badge does not establish that his every action was by virtue of or under color of his office. Plaintiffs assert that Stevens was "carrying" his personal firearm. He was indeed transporting it and was in possession of it in his automobile, but was not wearing it on his person as he would when on duty.

Plaintiffs assert that there is an issue as to whether Stevens' conduct was a "non-negligent act." Such an issue would not become material until there is some evidence that he acted by virtue of or under color of his office. The evidence is uncontroverted that the shooting by Stevens was not within the scope of or by virtue of or under color of his position as a Deputy Sheriff.

Plaintiffs assert that the transporting of the weapon from home to work and return was a necessary incident of the employment of Stevens. The record does not support this assertion. Stevens was *permitted*, not required, to use his own weapon, and was *permitted*, not required, to transport it to and from work.

Since it is established by uncontradicted evidence that Stevens was not acting within the scope of his employment or by virtue of or under color of his office, there can be no liability of Metropolitan Government under T.C.A. § 8–8–302, or T.C.A. § 29–20–205.

■ Plaintiffs assert that the shooting of deceased was "willful and reckless misconduct," but no authority is cited or known to this Court that holds the government or its officials liable for conduct of an employee solely because such conduct is willful and reckless.

No merit is found in plaintiffs' first issue.

Plaintiffs' lengthy and learned discussion of the phrases, "by virtue of office," "under color of office," "non-negligent conduct" and "willful and reckless misconduct," is not determinative of this appeal because the uncontradicted evidence shows that the actions of Stevens were not committed under such circumstances as to render his employer liable on any theory.

No merit is found in plaintiffs' second issue.

Plaintiffs next assert that there is a question of fact as to whether the conduct of Stevens was negligent. This Court disagrees. Since it appears without dispute that the actions of Stevens were *not* by virtue of or under color of his office, and were not within the scope of his employment, the issue of his negligence is immaterial to the liability of Metropolitan Government or Lynch.

No merit is found in plaintiffs' third issue.

Plaintiffs next raise the issue of "judicial estoppel" to prevent defendants from deny-

ing that the acts of Stevens were by virtue of or under color of, his office. As heretofore stated, the facts admitted by plaintiffs in their complaint, stated in the deposition of Stevens and uncontradicted in this record, conclusively establish that Stevens was not acting by virtue of or under color of, his office.

No merit is found in plaintiffs' fourth issue.

Plaintiffs next assert that there is a disputed fact as to whether Lynch was negligent in hiring Stevens with knowledge of his shortcomings, and cite T.C.A. § 8–8–302, quoted above, as authority for recovery independently of the Governmental Tort Liability Act. Under this theory, plaintiffs assert that the immunity conferred upon governmental employees by T.C.A. § 29–20–310 is inapplicable to suits under § 8–8–302.

■ Neither Lynch nor Metropolitan Government is liable for the wrongful acts of an employee committed outside the scope of his employment, even though the hiring of the employee might have been negligent. The reason for this is that the hiring of the employee is not the proximate cause of his acts committed outside the scope of his employment. If this were not true, every employer who hires a careless employee would be liable for every careless act of the employee even though not committed in connection with his work. *See Nishan v. Godsey,* E.D.Tenn.1958, 166 F.Supp. 6.

Plaintiffs argue that the ruling of the Trial Judge was based upon previous proceedings in the Federal Courts, but the ruling of this Court is based upon the proceedings in this case. For this reason, it is unnecessary to review the statements of the Trial Judge which were unnecessary to the disposition of this appeal.

■ Plaintiffs also insist that there is an issue of fact as to whether the fatal incident should have been foreseen by defendant Lynch who hired Stevens. It may be foreseeable that placing a weapon in the hands of an irresponsible person may result in a fatal incident. However, Lynch did not place the fatal weapon in the hands of Stevens for this incident. In the first place, it was not "in his hands for using," it was in his possession in his car. Moreover, even though Stevens is said to have had "permission" to transport the weapon, the "permission" was shown to be a policy of the Sheriff's office, rather than personal permission from Lynch, and was beyond the legal authority of any official of the Sheriff's office.

The undisputed facts negative liability of Lynch for negligent employment or negligent entrustment.

Plaintiffs cite *Watson v. City of Hialeah,* Fla.App.1989, 552 So.2d 1146. In that case, the Appellate Court affirmed a directed verdict for the City in a suit for negligent failure to discharge or reassign police officers who subsequently used their badges and police equipment to obtain entrance into a residence where they murdered the occupant. The authority is contrary to the insistences of plaintiff. The Court held that the evidence did not establish cause-in-fact, citing authorities.

After careful consideration of all of the arguments and authorities presented by plaintiffs, this Court concludes that the uncontroverted evidence in this record entitles the appellees to summary judgment as to their claims against appellants under T.C.A. § 8–8–302, T.C.A. § 29–20–101, or otherwise.

The judgment of the Trial Court is affirmed. Costs of appeal are taxed against the plaintiffs. The cause is remanded to the Trial Court for further appropriate proceedings.

Affirmed and Remanded.

CANTRELL and KOCH, JJ., concur.