## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT KNOXVILLE

**FILED**

April 4, 1996

**Cecil Crowson, Jr.**
Appellate Court Clerk

|  |  |  |
|---|---|---|
| **JOHN PHIPPS and** | ) | Blount County Circuit Court |
| **SANDRA PHIPPS**, | ) | No. L-9566 |
|  | ) |  |
| Plaintiffs/Appellants. | ) |  |
|  | ) |  |
| VS. | ) | C. A. No. 03A01-9508-CV-00294 |
|  | ) |  |
| **ROBERT WAYNE WALKER,** | ) |  |
|  | ) |  |
| Defendant/Appellee | ) |  |
|  | ) |  |
| **AND** | ) |  |
|  | ) |  |
| **RANDALL WAYNE WALKER**, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

From the Circuit Court of Blount County at Maryville.
**Honorable W. Dale Young, Judge**

**Kevin W. Shepherd**, Maryville, Tennessee
Attorney for Plaintiffs/Appellants.

**Beecher A. Bartlett, Jr.**,
**Adrienne L. Anderson**,
KRAMER, RAYSON, LEAKE, RODGERS & MORGAN, Knoxville, Tennessee
Attorney for Defendant/Appellee Robert Wayne Walker.

OPINION FILED:

**AFFIRMED AND DISMISSED**

**FARMER, J.**

**CRAWFORD, P.J.,W.S.** : (Concurs)

**HIGHERS, J.** : (Concurs)

This action for negligent hiring results from the alleged burglary of the home of Appellants, John and Sandra Phipps, by Randall Wayne Walker, son and employee of the appellee, Robert Wayne Walker.[1]  Appellee is the owner of Walker Electric which, in 1994, sub-contracted with Shore Builders, Inc. to perform the electrical work on the Appellants' home, then under construction.  Randall Walker was an employee of Walker Electric at this time.

The complaint specifically alleges the following:

Robert Wayne Walker, due to his relationship to Randall Walker as both father and employer, had direct and personal knowledge of an extensive history of substance abuse and criminal activity by Randall Walker.  Despite this personal knowledge, Robert Walker employed his son which allowed Randall Walker to have access to the homes which Mr. Robert Walker worked upon.

Shortly after the completion of the Phipps' residence, the Phipps moved into this home.  During a brief absence from their home, on or about October 15 or 16, 1994, their home was burglarized . . . .

Through investigation by the Blount County Sheriff's Department, Randall Walker was arrested, and charged with the offense of aggravated burglary on this home.  Mr. Randall Walker has subsequently entered a guilty plea to this offense.

Plaintiffs would assert that Robert Walker had a special duty to them based upon his employment relationship to employ only individuals who would not pose any damage of threat or harm to the customers.  Mr. Robert Walker breached this duty by employing his son and allowing his son to have access to the Phipps residence.  As a result of this breach of duty, the Phipps home was burglarized resulting in both damage to property and loss of property to the Phipps.

. . . .

The Plaintiffs would further assert that Defendant Robert Walker is vicariously responsible and liable for the conduct of his son and employee Randall Walker, even though the conduct of Randall Walker was done outside the scope of Defendant[']s employment.[2]

---

[1]Suit was also filed against Randall Walker, whom a default judgment was subsequently taken.  There was no appeal from that judgment.

[2]Appellants do not pursue this theory of recovery on appeal.

2

After denying any liability, Appellee filed a "Motion to Dismiss and/or Motion for Summary Judgment," asserting that the appellants could not establish all necessary elements of their causes of action in light of their admission that Randall Walker's actions were outside the scope of his employment. Opposing affidavits were filed. The trial court granted the motion, dismissing the complaint with prejudice. The Phipps now appeal, stating the issue as follows:

Whether the granting of summary judgment to the
defendant was proper under the facts and circumstances of the case?

A motion for summary judgment[3] is to be granted only when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56.03 T.R.C.P; *Caledonia Leasing and Equip. Co. v. Armstrong, Allen, Braden, Goodman, McBride and Prewitt*, 865 S.W.2d 10, 13 (Tenn. App. 1992). In ruling thereon, we are to consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all evidence must be viewed in a light most favorable to the motion's opponent and all legitimate conclusions must be drawn in their favor. *White v. Methodist Hosp. South*, 844 S.W.2d 642, 645 (Tenn. App. 1992). When a summary judgment motion is used defensively, the plaintiff must present evidence sufficient to establish the essential elements of his claim on which he will bear the burden of proof at trial. *White*, 844 S.W.2d at 645. Thus, in order for the appellants' claim of negligence to proceed to a jury, they must offer some material evidence showing the existence of a duty and injury proximately caused by its breach. *See Doe v. Linder Constr. Co.,* 845 S.W.2d 173, 183 (Tenn. 1992).

The tort of negligent hiring stems from the principle that a person conducting an activity through employees is liable for harm resulting from the negligent conduct in the employment of improper persons or instrumentalities in the work involving risk of harm to others. *Gates v. McQuiddy Office Products*, No. 02A01-9410-CV-00240 (Tenn. App. Nov. 2, 1995), *perm. app. pending*. The "risk," as herein referred, is that which is foreseeable. *Doe*, 845 S.W.2d at 178. As

_____

[3]The trial court's judgment states that its decision was based upon a review of the "pleadings and affidavits filed with this Court . . . ." Thus, we treat the motion granted as one for summary judgment for purposes of review. Rule 12.02 T.R.C.P.

3

stated by the court in *Doe*:

> Foreseeability is the test of negligence. If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. ***See Spivey v. St. Thomas Hospital***, 31 Tenn. App. 12, 211 S.W.2d 450, 456 (1948). "[T]he plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury." ***Tedder***, 728 S.W.2d at 348. Foreseeability must be determined as of the time of the acts or omissions claimed to be negligent.

*Id*.

The affidavit of the appellee was filed in support of the motion for summary judgment, which states, in pertinent part:

> I am the owner and sole proprietor of Walker Electric. I am also the father of . . . Randall Wayne Walker. . . .
>
> . . . .
>
> Walker Electric, through the summer and fall of 1994, employed two electricians and two assistants. The two electricians were Curtis Shuler and Randall Wayne Walker. Both electricians were allowed to perform work outside of their employment with Walker Electric on an independent contracting basis. When these electricians worked as independent contractors for a third party, Walker Electric had no control or responsibility for their actions or work.
>
> Randall Wayne Walker has worked as an electrician for Walker Electric for approximately 11 years. At the time that I hired Randall Walker, I had no knowledge or notice that Randall Walker was using or abusing illicit or illegal substances. Additionally, I had no knowledge or notice at the time that I hired Randall Walker or during the period of time that Walker Electric worked on the [Appellants'] house that Randall Walker had ever broken into and stolen property from other people's homes.
>
> . . . .
>
> Curtis Shuler was the sole electrician assigned by Walker Electric to install the electrical wiring and fixtures in Plaintiffs' house. Randall Walker was not used by Walker Electric to install any of the electrical wiring or fixtures in this house. . . . Randall Walker's only access to Plaintiff's [sic] home occurred when Randall Walker was working for Shore Builders as a sub-contractor.

4

. . . . Walker electric has not performed any additional electric work on Plaintiffs' house since August 1994.

At some point in late summer or early fall in 1994, but prior to Plaintiffs' fully moving into their house, Randall Walker was requested by Plaintiff John Phipps to accompany him and repair a light in the Plaintiffs' kitchen. At the time of Plaintiff's request, Randall Walker was not working as an employee of Walker Electric but was working in another house located in Allen Brook Subdivision as a sub-contractor for Shore Builders, Inc. . . .

During the weekend of Saturday, October 15, 1994, and Sunday, October 16, 1994, Randall Walker was not performing any work for Walker Electric. . . .

At the time of the alleged break-in, I was not aware of any substance use or abuse by Randall Walker. Although I am aware of Randall's difficulty with substance abuse, I believe that at the time of the incident, Randall Walker had been successfully rehabilitated.

Randall Walker is 30 years old, independent from my support, and resides outside of my home.

In opposition, Mr. Phipps filed his affidavit, stating:

I am the homeowner, along with my wife, who has filed the Complaint in this action.

. . . . Just after we moved into our house, I walked up to Robert Walker (who was working just up the street from our home) and advised him of a problem with our kitchen light. He sent his son, Randall Walker, to go to my home, to address the problem.

Randall Walker come to our home I led him into the kitchen where I showed him the problem with an overhead light. He identified a "ground problem" with the on/off switch. He repaired the problem in our presence. . . .

At an earlier time, I observed Randall Walker installing light switches in our sunroom and also working on an outside security light. After the burglary, I discovered that this light, as well as all other security lights, had been maladjusted so that they would not cover the perimeter of the house against intruders.

We moved into this residence on September 23, 1995. It was on October 12, 1995, that Randall Walker came to our house to correct the wiring problem. The burglary occurred on or about October 15, 1995.

Randall Walker has since pled guilty to this burglary. . . .

. . . . it is our belief that Robert Walker employed his son knowing of his son's criminal tendencies, and failed to warn us of his son's behavior.

5

Appellants maintain that material factual disputes exist regarding whether Randall Walker was afforded access to and allowed to work on the appellants' residence, via his employ by Appellee, and whether Appellee was aware of his son's substance abuse and prior criminal activity at this time. It is argued that due to the "special relationship" existing between Randall Walker and Appellee in this case (i.e. father and son), that a reasonable inference may be drawn by a jury that Appellee was aware of his son's "criminal tendencies" and, thus, could reasonably foresee that his employment of Randall in this particular capacity, created a foreseeable risk of harm to the appellants.

This Court in *Gates* held that a claim for negligent hiring "requires something more than a showing of past criminal conduct." *Gates*, slip op. at 4. *Gates* identified three elements necessary for recovery under a negligent hiring theory: "(1) evidence of unfitness for the particular job, (2) evidence that the applicant for employment, if hired, would pose an unreasonable risk to others, [and] (3) evidence that the prospective [employer] knew or should have known that the historical criminality of the applicant would likely be repetitive." *Id*. *Gates* concluded that negligent hiring arises only when a particular unfitness of a job applicant creates a danger of harm to others which the employer should have known. *Id*. at 5.

Although Appellee's affidavit admits to knowledge of his son's prior substance abuse, there is nothing in the record to dispute his statement that he was unaware of any illegal drug use by his son at the time of his employ. Moreover, there is nothing in Mr. Phipps' affidavit, other than mere conclusion, to refute Appellee's statement that he was unaware that his son had ever burglarized houses at the time that Walker Electric worked on Appellants' home. Nor is there any evidence in the record that suggests Randall Walker's prior commission of this crime.[4]

---

[4]Mr. Phipps filed a supplemental affidavit and attached thereto certain portions of a "pre-sentence report" of Randall Walker. Neither the affidavit nor the report comply with Rule 56.05 T.R.C.P. and, thus, will not be considered by this Court. However, even if these materials were proper for our consideration, they fail to establish knowledge on behalf of the Appellee of his son's propensity to commit the felonious act of burglarizing houses. The pre-sentence report only establishes that Randall Walker's "criminal tendencies" included misdemeanor charges of theft, various traffic violations, possession of illegal drugs and forgery.

Viewing the evidence in a light most favorable to Appellants, we find that no duty was owed them by the appellee under the facts presented. Moreover, we find that Appellants have failed to establish the element of proximate cause. Ordinarily, the proximate cause of an injury is for the jury, but where there are uncontroverted facts, the question of proximate or intervening cause is for the trial court. *See e.g., Doe v. Linder Constr.*, 845 S.W.2d at 183. Appellants concede that the alleged criminal acts of Randall were committed outside the scope of his employment. *Corder v. Metropolitan Government*, 852 S.W.2d 910 (Tenn. App. 1992), holds that an employer is not liable for the wrongful acts of an employee committed outside the scope of his employment, even if the hiring of the employee was negligent. *Corder*, 852 S.W.2d at 915. *Corder* reasons that the hiring of the employee is not the proximate cause of his acts committed outside the scope of his employment. *Id*. It is, therefore, immaterial whether Randall was afforded access to or allowed to work on Appellants' home by Appellee.

The judgment of the trial court is hereby affirmed and this cause dismissed. Costs are assessed against John and Sandra Phipps, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)

7