**Roy Finney DIETER, Appellant,**

v.

**BAKER SERVICE TOOLS, A DIVISION OF BAKER INTERNATIONAL, INC., Appellee.**

**No. 13–87–055–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 3, 1987.

Rehearing Denied Oct. 8, 1987.

Second Motion For Rehearing Denied Oct. 22, 1987.

Keith C. Livesay, McAllen, for appellant.

Jose Antonio Gomez, Preston Henrichson, Edinburg, Frank E. Weathered, Corpus Christi, for appellee.

Before UTTER, KENNEDY and SEERDEN, JJ.

## OPINION

UTTER, Justice.

Dieter brought an action against Baker for personal injuries which he received when allegedly assaulted by two Baker employees, Welch and Fox. The trial court granted Baker's motion for summary judgment. We affirm in part and reverse and remand in part.

The summary judgment evidence established that Baker is in the oil field tool supply business and employed Welch as its district manager. Welch was Fox's supervisor.

Dieter, a seventy-three-year-old man, had allegedly beaten Welch's fourteen-year-old son, whom Dieter thought was prowling in his neighborhood early one morning.

A day or two after the incident with Welch's son, Welch and Fox ate lunch and then went to a bar in Pharr, Texas and drank beer and shot pool. Apparently, Welch had been stewing over Dieter's treatment of his son, and decided to confront Dieter. Welch and Fox left the bar at approximately 5:30 p.m., intoxicated, and proceeded to the trailer park where Dieter lived. After finding Dieter's trailer, Welch assaulted Dieter, possibly assisted by Fox.

Dieter's claims against Baker were based upon *respondeat superior* and negligent hiring and supervision. Baker's motion for

summary judgment alleged that "recovery under any such allegations and theories is contingent upon the finding that Willie James Welch and Danny Fox were acting within the course and scope of their employment...." Baker's motion for summary judgment also alleged that Welch and Fox were not acting in the course and scope of their employment when they assaulted Dieter and that "an employer is not liable for an unauthorized intended tortious conduct of an employee, *even if done in connection with their employment,* where the wrongful act was unexpected in view of the job duties of such employees." [emphasis Baker's] Baker also relied upon Dieter's deposition testimony that he did not know Welch or Fox, had never been a customer of Baker, and had nothing to do with the oil industry.

When reviewing a summary judgment:
1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant is entitled to prevail on a motion for summary judgment if he establishes as a matter of law that no genuine issue of material fact exists as to one or more elements of the plaintiff's cause of action. *Bader v. Cox,* 701 S.W.2d 677, 680 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). A motion for summary judgment must specifically set forth the grounds relied upon. Tex.R.Civ.P. 166–A(c).

■ In order to impose liability upon an employer for the tort of his employee under the doctrine of *respondeat superior,* the act of the employee must fall within the scope of the general authority of the employee and must be in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. *Langley v. National Lead Co.,* 666 S.W.2d 343 (Tex.App.—El Paso 1984, no writ); *see also Green v. Jackson,* 674 S.W.2d 395 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). It is not ordinarily within the scope of a servant's authority to commit an assault upon a third person. *Texas & Pacific Railway v. Hagenloh,* 247 S.W.2d 236 (Tex.1952); *Green v. Jackson,* 674 S.W.2d at 398; *Tierra Drilling Corp. v. Detmar,* 666 S.W.2d 661 (Tex.App.—Corpus Christi 1984, no writ).

■ Baker's regional manager swore, by affidavit, that the job duties of Welch and Fox in no way entailed the use of physical force upon any individual. He also swore that the use of force upon any individual would be "totally unauthorized, unexpected, and unforseeable." Both Welch and Fox testified by deposition that assaulting people was not one of their job duties.

The fact that Welch was Fox's supervisor does not bring either of their actions within the course and scope of employment. Fox stated in his deposition that one of the reasons that he accompanied Welch to Dieter's home was that Welch was his boss and he was afraid of losing his job. We fail to see how such circumstances bring the assault upon Dieter within the course and scope of either man's employment.

The summary judgment evidence conclusively established that there was no connection between the assault upon Dieter and the employment duties of Welch or Fox. As a matter of law, the assault upon Dieter was not in furtherance of Baker's business.

Furthermore, "when the servant turns aside, for however a short time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for that which he does in pursuing his own business or pleasure is upon him alone." *Tierra Drilling Corp. v. Detmar,* 666 S.W. 2d at 663 (*quoting Galveston, Houston, & San Antonio Railway v. Currie,* 100 Tex. 136, 96 S.W. 1073 (1906)). *See also Gibraltar Savings Association v. Turnbough,*

610 S.W.2d 515 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ dism'd); *Calhoun v. Hill,* 607 S.W.2d 951 (Tex.Civ.App.—Eastland 1980, no writ). By assaulting Dieter, Welch and Fox so deviated from the course of their employment that, as a matter of law, they ceased to act for Baker and were in pursuit of their own personal business.

■ While the issue has not been directly addressed by a Texas court, we hold that liability for negligent hiring and supervision is not dependent upon a finding that the employee was acting in the course and scope of his employment when the tortious act occurred. *See generally Salinas v. Fort Worth Cab & Baggage Co.,* 725 S.W.2d 701 (Tex.1987); *see e.g. Plains Resources, Inc. v. Gable,* 235 Kan. 580, 682 P.2d 653 (1984); *Welsh Manufacturing v. Pinkerton's, Inc.,* 474 A.2d 436 (R.I.1984); *Gregor v. Kleiser,* 111 Ill.App.3d 333, 67 Ill.Dec. 38, 443 N.E.2d 1162 (1982). If course and scope was a required element of a negligent hiring and supervision claim, negligent hiring and supervision as a unique cause of action would be rendered superfluous by the *respondeat superior* doctrine. "Indeed, an action for negligent hiring provides a remedy to injured third parties who would be foreclosed from recovery under the master-servant doctrine since the wrongful acts of employees in these cases are likely to be outside the scope of employment or not in furtherance of the master's business." *Welsh Manufacturing v. Pinkerton's, Inc.,* 474 A.2d at 439. It is not ordinarily within the scope of a servant's authority to commit an assault upon a third person. *Texas & Pacific Railway v. Hagenloh,* 247 S.W.2d at 239; *Green v. Jackson,* 674 S.W.2d at 398; *Tierra Drilling Corp. v. Detmar,* 666 S.W.2d at 663.

■ In the Texas cases which we have examined discussing the tort of negligent hiring, there has been no question as to whether there was some connection between the plaintiff's injury and the fact of employment. *See Missouri, K., & T. Railway v. Day,* 104 Tex. 237, 136 S.W. 435 (1911); *Texas & P. Railway v. Johnson,* 89 Tex. 519, 35 S.W. 1042 (1896); *Estate of*

*Arrington v. Fields,* 578 S.W.2d 173 (Tex. Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Gulf, C, & S.F. Railway v. Hays,* 40 Tex. Civ.App. 162, 89 S.W. 29 (1905, writ dism'd); *Shoemaker v. Texas & Pacific Railway,* 29 Tex.Civ.App. 578, 69 S.W. 990 (1902, no writ). However, several cases from other jurisdictions have confirmed our belief that in order to impose liability upon an employer under the doctrine of negligent hiring, there must be evidence that the plaintiff's injuries were brought about by reason of the employment of the incompetent servant and be, in some manner, job-related. Stated another way, the negligence in hiring the employee must be the proximate cause of the injuries to the plaintiff. *See Bates v. Doria,* 150 Ill.App.3d 1025, 104 Ill.Dec. 191, 502 N.E.2d 454 (1986); *Henley v. Prince George's County,* 60 Md.App. 24, 479 A.2d 1375 (1984); *Plains Resources, Inc. v. Gable,* 235 Kan. 580, 682 P.2d 653 (1984); *Welsh Manufacturing v. Pinkerton's, Inc.,* 474 A.2d 436 (R.I.1984); *Gregor v. Kleiser,* 111 Ill.App. 3d 333, 67 Ill.Dec. 38, 443 N.E.2d 1162 (1982); *Di Cosala v. Kay,* 91 N.J. 159, 450 A.2d 508 (1981); *Evans v. Morsell,* 284 Md. 160, 395 A.2d 480 (1978). "Were such a connection not required, an employer would essentially be an insurer of the safety of every person who happens to come into contact with his employee simply because of his status as an employee." *Bates v. Doria,* 104 Ill.Dec. at 195, 502 N.E.2d at 459.

Dieter asserts that the only issue addressed in Baker's motion for summary judgment was whether Welch and Fox were in the course and scope of their employment at the time of the assault. Baker argues that it urged the questions of no duty and proximate cause in defense of Dieter's negligent hiring and supervision claims.

As stated earlier, Baker merely asserted in its motion that the assault upon Dieter was "unexpected in view of the duties" of Welch and Fox. Nowhere in the motion does Baker expressly assert this argument as grounds for summary judgment on the negligent hiring and supervision claims. In

fact, viewing the motion in the light most favorable to Dieter and resolving all doubts in his favor, as we must do, the "unexpected" action argument appears to be directed at Dieter's *respondeat superior* claim.

The two elements of proximate cause are cause in fact and foreseeability. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d at 549. In order to agree with Baker, this Court would have to infer that by the word "unexpected," Baker meant "unforeseeable" and further that Baker meant that it was unforeseeable that any negligence in hiring or supervising Welch or Fox would result in an assault upon a third person such as Dieter. The Court is not permitted to infer or imply grounds for the granting of a motion for summary judgment. *Great-Ness Professional Services, Inc. v. First National Bank,* 704 S.W.2d 916 (Tex.App.—Houston [14th Dist.] 1986, no writ). The movant has the burden of expressly setting forth the grounds relied upon for summary judgment. *Id.* at 918.

As a matter of law, Baker did not show that it was entitled to summary judgment on the negligent hiring and supervision claims. Dieter's sole point of error is sustained in part. The trial court's judgment in favor of Baker on the *respondeat superior* claim is AFFIRMED. The judgment on the negligent hiring and supervision claims is REVERSED AND REMANDED.