**Roy Finney DIETER, Appellant,**

v.

**BAKER SERVICE TOOLS, A DIVISION OF BAKER INTERNATIONAL, INC., Appellee.**

**No. 13-88-494-CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Sept. 28, 1989.

Keith C. Livesay, Anne S. Garcy, Ewers & Toothaker, McAllen, for appellant.

John R. Lyde, Brin & Brin, McAllen, Preston Henrichson, Henrichson–Smith, P.C., Edinburg, Frank E. Weathered, Law Office of David J. Dunn, Corpus Christi, for appellee.

Before KENNEDY, SEERDEN and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Dieter brought a negligent hiring and supervision action against Baker for personal injuries sustained when Dieter was allegedly assaulted by two of Baker's employees, Welch and Fox. Appeal is taken from the trial court's granting of Baker's motion for summary judgment. We affirm.

This appeal is the second appeal of the case. In the first appeal ("Dieter I"), we affirmed the granting of Baker's motion for summary judgment upon Dieter's theory of respondeat superior, but we reversed and remanded the granting of Baker's motion for summary judgment upon Dieter's theory of negligent hiring and supervision.

The facts of the case are fully stated in *Dieter I.*[1] A brief summary of those facts follows. Baker is in the oil field tool supply business and employed Welch as its district manager. Welch was Fox's supervisor. Dieter had allegedly beaten Welch's son, whom Dieter thought was prowling the neighborhood. A day or two later, Welch and Fox, during business hours, went to a bar where they drank beer and shot pool. Leaving the bar at approximately 5:30 p.m., Welch decided to confront Dieter. Intoxicated, Welch and Fox proceeded to Dieter's residence and assaulted him.

In *Dieter I,* Dieter asserted claims against Baker under (1) the doctrine of respondeat superior and (2) negligent hiring and supervision. This Court affirmed the granting of Baker's motion for summary judgment on Dieter's respondeat superior claim. With respect to Dieter's negligent hiring and supervision claim, we reversed on the ground that Baker failed to assert in his motion that "it was unforeseeable that any negligence in hiring or supervising Welch or Fox would result in an assault upon a third person such as Dieter."[2]

On remand, the trial court granted Baker's revised motion for summary judgment based upon Dieter's single cause of action, negligent hiring and supervision. Baker revised his motion expressly asserting the grounds that we found lacking in *"Dieter I."* Dieter, by his single point of error, asserts that the trial court erred by granting Baker's motion for summary judgment.

As we stated in *Dieter I,* when reviewing a summary judgment:

---

1. *Dieter v. Baker Service Tools, A Division of Baker International, Inc.,* 739 S.W.2d 405 (Tex. App.—Corpus Christi 1987, writ denied).

2. *Id.* at 409.

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant is entitled to prevail on a motion for summary judgment if he establishes as a matter of law that no genuine issue of material fact exists as to one or more elements of the plaintiff's cause of action. *Bader v. Cox,* 701 S.W.2d 677, 680 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).

Baker's motion for summary judgment alleges that there is no evidence that any act of negligent hiring or supervision proximately caused Dieter's injuries. In support of its motion, Baker relies upon Dieter's deposition which indicates that (1) the incident in which Dieter allegedly beat Welch's son had nothing to do with the employment of either Welch or Fox; (2) Dieter did not know Welch or Fox prior to the alleged assault upon him; and (3) Dieter had never been a customer of Baker, and he had no connection to the oil industry.

In response to Baker's revised motion for summary judgment, Dieter presented four affidavits: one from Dieter himself, two from former employers of Welch, and one from an expert in the field of personnel management and hiring. Dieter contends that the evidence contained in these affidavits is sufficient to raise a fact issue concerning the alleged absence of proximate cause.

■ Generally speaking, questions of law decided on appeal will govern a case throughout its subsequent stages. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex. 1986). In *Dieter I,* this Court set out what

is necessary to establish proximate cause under the facts of this case:

[I]n order to impose liability upon an employer under the doctrine of negligent hiring, there must be evidence that the plaintiff's injuries were brought about by reason of the employment of the incompetent servant and be, in some manner, job-related. Stated another way, the negligence in hiring the employee must be the proximate cause of the injuries to the plaintiff (citations omitted).[3]

The specific issue before us is whether the evidence presented by Dieter raises a fact issue regarding proximate cause, i.e., that Dieter's injuries were related to Baker's employment of Welch and Fox.

■ With respect to a summary judgment proceeding, opposing affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence. Tex.R.Civ.P. 166a(e) (Vernon Supp.1989). Furthermore, legal conclusions in affidavits are insufficient to raise issues of fact in response to motions for summary judgment. *Mercer v. Daoran,* 676 S.W.2d 580, 583 (Tex.1984); *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605, 610 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

■ Dieter's affidavit and the affidavits of the two former employers of Welch conclude that Baker should have foreseen, as a result of Baker's hiring of Welch and Fox, that Welch and Fox would commit violent acts against someone like Dieter. None of these affidavits assert any *facts* that would tend to show that Dieter's injuries were *related to Baker's employment* of Fox and Welch. Speculative and conclusory statements about foreseeability contained in these three affidavits are insufficient to raise a fact issue in response to Baker's summary judgment motion.

The fourth affidavit, by Maria S. Fletcher, asserts: (1) that Welch had a malicious and violent nature and was unfit for supervisory duties; (2) that Fox and Welch drank on the job and Baker's lack of supervision encouraged this activity; (3) that

---

**3.** *Id.* at 408.

■

Fox was dominated by Welch and was unfit to resist Welch's violent and malicious nature; (4) that a reasonable prudent employer would have been able to foresee that, under Welch's supervision, Fox would tend toward violence; (5) that a reasonable prudent employer would have: (a) known or discovered Welch's tendencies and taken steps to prevent violence and harm to others, (b) not hired Welch or permit him to supervise Fox, (c) discovered and prevented their drinking on the job, (d) maintained stricter supervision, (e) enforced company policies more strictly; and finally, (6) that the assault upon Dieter would not have occurred but for the negligent hiring, supervision, and retention of Welch and Fox by Baker.

First, we fail to see how any of these assertions constitute evidence that Dieter's injuries were *brought about* by the employment of Welch and Fox; legal conclusions will not raise fact issues. *Mercer*, 676 S.W.2d at 583. Second, pursuant to Tex.R.Civ.Evid. 702, expert testimony is called upon whenever *peculiar skill and judgment*, applied to a particular subject, *are required* in order to explain results or to trace their causes. *Seale v. Winn Exploration Co., Inc.*, 732 S.W.2d 667, 669 (Tex.App.—Corpus Christi 1987, writ denied). We find that peculiar skill and judgment are not required to explain the results of Baker's hiring and supervision practices or to trace the causes of Dieter's alleged assault. Specifically, we do not regard Ms. Fletcher's expert opinion as probative because, although she may be an expert in the field of personnel and management, the question of foreseeability and cause in fact in this case is not a matter of personnel and management but of law, and she is in no better position to draw those legal conclusions than anyone else. *See Hendricks v. Todora*, 722 S.W.2d 458, 464 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Finally, we are cognizant of the rule articulated in *Birchfield v. Texarkana Memorial Hospital*, 747 S.W.2d 361, 365 (Tex.1987), and *Louder v. De Leon*, 754 S.W.2d 148, 149 (Tex.1988), that allows expert testimony on mixed questions of law and fact. However, because Ms. Fletcher has presented no facts tending to show that there was some connection between Dieter's injury and the fact of Welch's and Fox's employment, there is no indication that her legal conclusions regarding proximate cause are *based on proper legal concepts* as required in *Birchfield* and *Louder*. In *Dieter I*, we stated the law regarding proximate cause, and Ms. Fletcher has presented no facts to support her legal conclusion that the assault upon Mr. Dieter would not have occurred but for Welch's and Fox's employment with Baker.

As a matter of law, Baker established that no genuine issue of material fact exists with respect to the absence of proximate cause in Dieter's negligent hiring and supervision claim. The judgment of the trial court is AFFIRMED.