TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00467-CV







Rose Houser, Appellant



v.



David Smith, d/b/a Accurate Transmission, Appellee







FROM THE DISTRICT COURT OF BEXAR COUNTY, 150TH JUDICIAL DISTRICT


NO. 95-CI-07435, HONORABLE HENRY J. STRAUSS, JUDGE PRESIDING








 The issue presented is whether an employer is liable for damages caused by the
criminal conduct of an employee. Appellant Rose Houser sued David Smith d/b/a Accurate
Transmission for the criminal acts of Robert Sylvester, an employee of the transmission shop. 
The jury found in favor of Smith and the trial court rendered judgment that Houser take nothing. 
We will affirm the judgment of the trial court.


BACKGROUND

 Accurate Transmission, owned by David Smith, allegedly sponsored a barbecue 
at a tavern near San Marcos owned by Smith's mother. Houser had been a customer of the
transmission shop and was invited to the barbecue by Sylvester, an employee of the garage. On
the day of the barbecue, Sylvester and Houser drove to the tavern together after leaving Houser's
car in the shop's garage in San Antonio. Late that night at the tavern, Houser asked Sylvester to
drive her back to San Antonio. Because he was drunk, Sylvester refused and Houser drove them
both back to the transmission shop to retrieve her car. Houser claims upon their return Sylvester
sexually assaulted her at gunpoint in the garage. At the time of the incident, the shop was closed
to business.

 Appellant originally sued Robert Sylvester, Accurate Transmission, David Smith,
and other defendants for negligence. (1) A default judgment was entered against Sylvester upon his
failure to appear in court. In the related criminal case, Sylvester plead guilty to a criminal charge
of sexual assault on Rose Houser and was sentenced to ten years' imprisonment. At trial in the
present case, the jury charge contained among others two essential questions: (1) at the time of
the occurrence in question was Robert Sylvester acting in the scope of his employment, and (2)
did the negligence, if any, of certain persons proximately cause the occurrence in question. The
jury failed to find Sylvester was acting in the scope of his employment. Although the jury
declined to find either Sylvester or Smith negligent, it did find Rose Houser negligent. Houser
brings this appeal in four points of error. At oral argument, appellant clarified her appeal by
stating she does not challenge the jury's failure to find that Sylvester was acting in the scope of
employment at the time of the assault.


DISCUSSION

 Houser complains there were at least three evidentiary errors made by the trial
court that led to an improper jury verdict (2) and that the jury's failure to find damages was against
the great weight and preponderance of the evidence. We need not decide whether the trial court
abused its discretion in admitting or disallowing evidence (3) or whether the verdict is against the
evidence; we must affirm the trial court's judgment that Houser take nothing on her negligence
claim because as a matter of law Smith owed no duty to Houser for the wrongs of his employee
under the facts even as alleged by the appellant. 

 To sustain a cause of action for negligence, it is necessary to show the existence
of a legal duty of one party to another, a breach of that duty, and damages which were
proximately caused by the breach of the duty. See Greater Houston Transp. Co. v. Phillips, 801
S.W.2d 523, 525 (Tex. 1990); El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987). The
threshold inquiry in a negligence case is duty; a plaintiff must prove both the existence and the
violation of a duty owed to her by the defendant to establish liability in tort. See El Chico, 732
S.W.2d at 311. The existence of duty is a question of law for the court to decide from the facts
surrounding the occurrence in question. See Otis Eng'g Corp. v. Clark, 668 S.W.2d 307, 312
(Tex. 1983). In determining whether the defendant had a duty we consider several factors
including the risk, foreseeability, and likelihood of injury weighed against the social utility of the
actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences
of placing the burden on the defendant. See id. at 309. Of all these factors, foreseeability of the
risk is the "foremost and dominant consideration." Greater Houston Transp. Co., 801 S.W.2d
at 525. 

 Here, the issue is whether Smith owed a duty to Houser to protect her in some way
from Sylvester's conduct. The general rule is that there is no duty to protect another from the
conduct of a third person. See id.; Otis Eng'g Corp., 668 S.W.2d at 309; Restatement (Second)
of Torts § 315 (1965). An exception exists when there is a special relationship between the
defendant and the third person. See Greater Houston Transp. Co., 801 S.W.2d at 525. Under
this exception, the theory of negligent hiring and supervision imposes a general duty on an
employer to adequately hire, train, and supervise employees. See Dieter v. Baker Serv. Tools,
739 S.W.2d 405 (Tex. App.--Corpus Christi 1987, writ denied). (4) While the employee need not
be acting in the scope of his employment to impose liability on the employer, the theory of
negligent hiring and supervision does require that a plaintiff's harm be the result of the
employment. Id. at 408. If the law did not require such a connection, "an employer would
essentially be an insurer of the safety of every person who happens to come into contact with his
employee simply because of his status as an employee." Id. 

 In Guidry v. National Freight, Inc., we have recently addressed the issue of an
employer's duty under similar circumstances. 944 S.W.2d 807 (Tex. App.--Austin 1997, no writ). 
While making a delivery in a National truck, the driver in Guidry stopped in Austin to stretch his
legs, wandered to an apartment complex, and sexually assaulted a woman. The victim sued the
trucking company for the negligent hiring, supervision, and retention of the driver. Guidry
argued that National had a duty to check the driver's criminal background; such an investigation
would have revealed a history of sexually predatory behavior, thereby making foreseeable the risk
of his injuring Guidry. We held the employer had no such duty. Id. at 811. "Although the
trucking company clearly had a duty to the driving public to employ competent drivers, this duty
did not require an independent investigation into employees' nonvehicular criminal backgrounds." 
Id. (citing Connes v. Molalla Transp. Sys., Inc., 831 P.2d 1316, 1323 (Colo. 1992)). While
National could foresee the driver might stop to stretch on a long drive, we found the employer
could not be expected to foresee the risk the driver would stop and commit a sexual assault while
on-duty. Id. Because the type of conduct that occurred and risk of harm were unforeseeable,
this Court held National owed no legal duty to the victim of the employee's criminal conduct that
was not committed in the course and scope of employment. Id. at 812.

 In the present case, Houser claims Smith had a duty to investigate Sylvester's
criminal background. Such an investigation would have revealed that Sylvester had three forgery
convictions. (5) Whether Smith would have fired Sylvester had he discovered Sylvester's forgery
convictions is irrelevant. As in Guidry, the question presented is whether Sylvester's criminal
conduct and the type of harm that befell Houser were foreseeable and presented a risk that Smith
was required to guard against by investigating Sylvester's criminal background. Under these
facts, we hold the conduct and harm were not foreseeable and therefore Smith did not owe
appellant a legal duty beyond the duty to provide a competent transmission mechanic to his
customers, including Houser. 

 We acknowledge certain distinctions from Guidry; Houser was a customer and the
assault occurred on the business premises. However, we do not think these differences are legally
significant when the record indicates that the assault did not occur at the company-sponsored event
but later at the shop which under Smith's direction should have been closed to business. At the
time of the assault, Sylvester was off-duty and was not by reason of his employment required to
be at the shop which was closed. He and Houser returned to the garage only because her car had
been left there while they traveled in Sylvester's car to the out-of-town barbecue. Although the
driver in Guidry was placed in the vicinity of the victim's apartment complex by traveling in a
company truck, this Court refused to hold the employer liable for his employee's criminal conduct
in the absence of a legal duty to a public that included Guidry. Similarly, we will not hold Smith
liable for Sylvester's criminal actions committed on the premises after midnight even though
Sylvester had a key to the garage because he was an employee. The type of conduct and harm
that occurred were not foreseeable when Smith hired, retained, or supervised Sylvester as an
employee of a transmission shop.

 The present case is unlike those in which the employee is placed in a situation that
foreseeably creates a peculiar risk of harm to others by reason of the employment duties. E.g.,
Estate of Arrington v. Fields, 578 S.W.2d 173 (Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.). 
In Arrington, the employer was liable for negligently hiring someone with a long criminal record
for the position of an armed security guard. Id. at 184. The foreseeability that some harm might
come to a customer is greater when the employee is armed and charged with carrying out a 
hazardous job that requires skill or experience. See id. at 178. In this case, Sylvester's job did
not require him to be in close and possibly confrontational situations with customers or to carry
a dangerous weapon, nor did it require skill or experience beyond that of a mechanic.

 Nor does this case impose on the employer a duty to diligently investigate the
employee's background because of potential contact with particularly vulnerable individuals. 
E.g., Porter v. Nemir, 900 S.W.2d 376 (Tex. App.--Austin 1995, no writ); Doe v. Boys Clubs of
Greater Dallas, Inc., 868 S.W.2d 942 (Tex. App.--Amarillo 1994), aff'd, 907 S.W.2d 472 (Tex.
1995); Deerings W. Nursing Ctr. v. Scott, 787 S.W.2d 494 (Tex. App.--El Paso 1990, writ
denied). In Porter, this Court held the employer owed a duty to the victim who was sexually
assaulted by a drug counselor even though the assault occurred off-premises and after-hours. 900
S.W.2d at 386. We held the employer had a heightened obligation to hire and retain competent
counselors because its program treated psychologically fragile clientele who could more easily be
manipulated by someone in a position of trust like that of the counselor's. Id. Similarly, the court
in Doe recognized the employer whose function is to care for and educate children owed a higher
duty to its patrons to exercise care in the selection of its employees than would other employers. 
868 S.W.2d at 951. In that case, the employer clearly had a duty to take reasonable care in
hiring, supervising, and retaining its workers; such care might include an investigative search into
the prospective employee's background. Id. In Deerings, the nursing home was sued for
negligence in hiring an unlicensed nurse-employee who assaulted an elderly visitor. Deerings W.
Nursing Ctr., 787 S.W.2d at 494-95. Looking at the function of a nurse and the nature of the
home's elderly clientele who may be "confused, irascible and cantankerous," the court held the
employer had a duty to take reasonable care in selecting its medical staff. Id. at 496.

 In this case, appellant was not the member of a vulnerable or specially protected
group, see Guidry, 944 S.W.2d at 807; the harm she suffered did not arise from her status as a
customer but from an after-hours association with an employee. "It would be a harsh rule indeed
if an employer were held liable for any criminal act committed by an employee against a person
who just happened to be a customer, client, or fellow employee of the employer." Doe, 868
S.W.2d at 950. In addition to the lack of foreseeability with which the conduct and harm
occurred, other factors weigh against imposing a duty on Smith. Requiring Smith to perform a
background check, for example, checking all criminal and military records and other sources of
such data on all current and prospective employees, would impose a great administrative burden
and cost on a small business. 

 Even if Smith had used reasonable care in discovering Sylvester's criminal
background in forgery, he could not have foreseen that hiring or retaining Sylvester created an
unreasonable risk of harm to Houser as a customer. See, e.g., Porter, 900 S.W.2d at 376; Doe,
868 S.W.2d at 942; Arrington, 578 S.W.2d at 173. "The basis of responsibility under the
doctrine of negligent hiring is the master's negligence in hiring or retaining in his employ an
incompetent servant whom the master knows or by the exercise of reasonable care should have
known was incompetent or unfit and thereby creating an unreasonable risk of harm to others." 
Arrington, 578 S.W.2d at 178. 

 To obtain a reversal of a judgment on an evidentiary ruling, appellant must show
that the trial court did commit error and that such error was reasonably calculated to cause and
probably did cause rendition of an improper judgment. New Braunfels Factory Outlet Ctr., Inc.
v. IHOP Realty Corp., 872 S.W.2d 303, 310 (Tex. App.--Austin 1994, no writ). Even if we were
to find that the trial court abused its discretion by allowing or disallowing certain evidence,
Houser cannot prevail on her claim of negligence because under these facts Smith owed no duty
to Houser as a matter of law. We may uphold a correct lower court judgment on any legal theory
supported by the evidence. See Guaranty County Mut. Ins. Co. v. Reyna, 709 S.W.2d 647, 648
(Tex. 1986). We overrule appellant's first three points of error. In her fourth point of error,
Houser claims the jury's failure to find damages was against the great weight and preponderance
of the evidence. Because Smith owed no duty to appellant, he is not liable for damages. We
overrule Houser's fourth point of error. We affirm the trial-court judgment that Houser take
nothing in her negligence claims against Smith.



 


 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 30, 1998

Publish
1. The defendants other than Sylvester and Smith d/b/a Accurate Transmission were non-suited.
2. Appellant complains the trial court erred by (1) admitting in evidence Sylvester's deposition
testimony; (2) admitting in evidence her past sexual history; and (3) not admitting in deposition
testimony of Smith's mother for purposes of impeachment.
3. We do concede that a finding of negligence on the part of Houser under the facts of this case
indicates the jury may have been unfairly prejudiced against Houser or confused on the issues.
4. The other theory creating a duty is respondeat superior. Dieter v. Baker Serv. Tools, 739
S.W.2d 405 (Tex. App.--Corpus Christi 1987, writ denied). Under this theory, the third party's
acts must be clearly of his employment so as to impose liability. Id. Because Houser does not
attack the jury's failure to find on this issue we do not address it on appeal.
5. Houser further claims that Smith's mother, Helen Owen, had general knowledge of
Sylvester's violent nature and drinking tendencies. Sylvester frequented Owen's tavern and for
a time rented a cottage owned by Owen. W
e decline to impose a duty on an employer to fire or
refuse to hire an employee based on allegations by a relative or local rumors.



yer." Doe, 868
S.W.2d at 950. In addition to the lack of foreseeability with which the conduct and harm
occurred, other factors weigh against imposing a duty on Smith. Requiring Smith to perform a
background check, for example, checking all criminal and military records and other sources of
such data on all current and prospective employees, would impose a great administrative burden
and cost on a small business. 

 Even if Smith had used reasonable care in discovering Sylvester's criminal
background in forgery, he could not have foreseen that hiring or retaining Sylvester created an
unreasonable risk of harm to Houser as a customer. See, e.g., Porter, 900 S.W.2d at 376; Doe,
868 S.W.2d at 942; Arrington, 578 S.W.2d at 173. "The basis of responsibility under the
doctrine of negligent hiring is the master's negligence in hiring or retaining in his employ an
incompetent servant whom the master knows or by the exercise of reasonable care should have
known was incompetent or unfit and thereby creating an unreasonable risk of harm to others." 
Arrington, 578 S.W.2d at 178. 

 To obtain a reversal of a judgment on an evidentiary ruling, appellant must show
that the trial court did commit error and that such error was reasonably calculated to cause and
probably did cause rendition of an improper judgment. New Braunfels Factory Outlet Ctr., Inc.
v. IHOP Realty Corp., 872 S.W.2d 303, 310 (Tex. App.--Austin 1994, no writ). Even if we were
to find that the trial court abused its discretion by allowing or disallowing certain evidence,
Houser cannot prevail on her claim of negligence because under these facts Smith owed no duty
to Houser as a matter of law. We may uphold a correct lower court judgment on any legal theory
supported by the evidence. See Guaranty County Mut. Ins. Co. v. Reyna, 709 S.W.2d 647, 648
(Tex. 1986). We overrule appellant's first three points of error. In her fourth point of error,
Houser claims the jury's failure to find damages was against the great weight and preponderance
of the evidence. Because Smith owed no duty to appellant, he is not liable for damages. We
overrule Houser's fourth point of error. We affirm the trial-court judgment that Houser take
nothing in her negligence claims against Smith.



 


 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 30, 1998

Publish
1. The defendants other than Sylvester and Smith d/b/a Accurate Transmission were non-suited.
2. Appellant complains the trial court erred by (1) admitting in evidence Sylvester's deposition
testimony; (2) admitting in evidence her past sexual history; and (3) not admitting in deposition
testimony of Smith's mother for purposes of impeachment.
3. We do concede that a finding of negligence on the part of Houser under the facts of this case
indicates the jury may have been unfairly prejudiced against Houser or confused on the issues.
4.