

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-20-00283-CV
_____

EDWARD JAMES MITSCHKE, JR., INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF CODY MITSCHKE, DECEASED, APPELLANT

V.

MARIDA FAVIA DEL CORE BORROMEO
AND BLACKJACK RANCH L.E.E., LLC, APPELLEES

On Appeal from the 335th District Court
Lee County, Texas
Trial Court No. 17,366, Honorable Carson Campbell, Presiding

July 12, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Edward James Mitschke, Jr., individually and as representative of the

estate of Cody Mitschke, appeals the trial court's take-nothing summary judgment in favor

of appellees Marida Favia Del Core Borromeo and Blackjack Ranch L.E.E., LLC.[1]  After

_____

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

reviewing the summary judgment record, we find the district court correctly rendered summary judgment and affirm the judgment.

## Background

In April 2017, Blackjack Ranch and Borromeo owned a Polaris Ranger all-terrain vehicle (ATV). Justin Behrens was the foreman of Blackjack Ranch and its only employee. On April 17, the ATV was parked at Justin's house. Justin's 16-year-old son, Bristen, and two 16-year-old friends, Cody Mitschke and A.J., took the ATV on an after-school fishing trip. Bristen drove the vehicle off Blackjack's property and onto the land of a neighbor. After fishing, the boys "took a little detour" to a muddy area by the lake's spillway. While in the mud, Bristen turned the ATV's steering wheel and accelerated with the intent that the vehicle would spin in circles. At some point, the ATV overturned, and Cody suffered fatal injuries.

Mitschke filed suit alleging wrongful-death and survival claims against several defendants including Borromeo and Blackjack Ranch. He alleged Appellees negligently entrusted the ATV to Bristen and negligently trained and supervised Bristen.[2] Appellees filed a hybrid motion for summary judgment combining both no-evidence and traditional grounds. Mitschke responded. Without specifying its reasons, the district court rendered judgment that Mitschke take nothing from Appellees. This appeal followed.[3]

---

[2] Mitschke also brought a negligent undertaking claim against Appellees. However, he does not challenge the trial court's take-nothing judgment on that claim.

[3] This Court's prior dismissal of Mitschke's appeal was reinstated by the Supreme Court of Texas in *Mitschke v. Borromeo,* 645 S.W.3d 251 (Tex. 2022).

**Analysis**

The summary judgment standard of review is well settled and does not require repeating here. *See, e.g., JLB Builders, L.L.C v. Hernandez,* 622 S.W.3d 860, 864 (Tex. 2021). Mitschke brings two issues on appeal.

**Negligent Training and Supervision**

By his first issue, Mitschke argues the district court erred by granting summary judgment on his claim that Blackjack Ranch and Borromeo negligently failed to train and supervise Bristen. In their no-evidence motion, Borromeo and Blackjack Ranch asserted there was no evidence they "owed a legal duty to [Cody Mitschke] to train or supervise Bristen with respect to his operation of the ATV . . . ."

Negligent screening, hiring, training, and supervision claims sound in direct negligence rather than vicarious liability. *Douglas v. Hardy,* 600 S.W.3d 358, 366 (Tex. App.—Tyler 2019, no pet.). "The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co. v. Kenyon,* 644 S.W.3d 137, 144 (Tex. 2022) (citing *Praesel v. Johnson,* 967 S.W.2d 391, 394 (Tex. 1998)). The threshold consideration in a negligence case is whether a defendant owes a legal duty to the injured party. *Id.* (citing *Greater Hous. Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990)). Without a legal duty, there can be no negligence. *Hardy,* 600 S.W.3d at 367.

Generally, there exists no duty in tort to control the conduct of third persons. *Pagayon v. Exxon Mobil Corp.,* 536 S.W.3d 499, 504 (Tex. 2017). However, the existence of "a special relationship may sometimes give rise to a duty to aid or protect

3

others." *Id.* Such relationships include, but are not limited to, employer-employee[4] and parent-child[5] relationships.

In his brief, Mitschke argues that *prior to* the accident "Bristen regularly worked for Blackjack." Similarly, in his summary judgment response in the trial court, Mitschke said, "Bristen regularly worked for Blackjack prior to the accident and is now a fulltime Blackjack employee who actually lives on the Ranch." At the time of the accident, Mitschke concedes that Justin was Blackjack Ranch's only employee. There is no evidence that at the time Bristen took the ATV he was performing any services on behalf of Blackjack Ranch or Borromeo. We conclude the referenced evidence does not support any reasonable inference that on April 17, 2017, a duty was owed by Blackjack Ranch or Borromeo to Cody due to their employment of Bristen.[6]

On appeal, Mitschke argues that "[t]he primary inquiry in determining duty is foreseeability," and that Appellees owed Cody a duty to train and supervise use of the ATV due to their superior knowledge of the foreseeability of the risk of harm. Imposition of a legal duty via this theory, however, was not what Mitschke advanced in the trial court.[7]

---

[4] *Nabors Drilling, Inc. v. Escoto*, 288 S.W.3d 401, 404-05 (Tex. 2009).

[5] *Providence Health Ctr. v. Dowell,* 262 S.W.3d 324, 331 (Tex. 2008).

[6] In the trial court, Mitschke argued the parent-child relationship was "at play" to impose liability. While no one disputes evidence of a parent-child relationship between *Justin* and Bristen, the record does not disclose, nor are we shown, how such a relationship creates any duty for Blackjack Ranch or Borromeo.

[7] Mitschke's trial court response made no argument that Blackjack Ranch or Borromeo owed Cody a duty due to a foreseeable risk of harm. His argument said the following: "A *parent's* duty to protect third parties from *his child's* acts depends on whether the injury to the third party is foreseeable. Foreseeability is evaluated by looking at *the parent's* knowledge of, consent to, or participation in *the child's* activity." (citation omitted; emphasis added). The issue is therefore inappropriate as a basis for reversing the trial court's judgment. *Morris v. Piparia*, 622 S.W.3d 922, 928 (Tex. App.—Austin 2021, no pet.) (holding issue was waived because it was not offered "in opposition to appellees' summary-judgment motion, and we may not consider as grounds for reversal of a summary judgment any issue not expressly presented to the trial court.").

Instead, Mitschke argued he was not required to present evidence showing Bristen was acting within the course and scope of employment at the time of injury. Cases discussing the same find a common source in a 1987 decision by the Corpus Christ Court of Appeals in *Dieter v. Baker Serv. Tools,* 739 S.W.2d 405, 408 (Tex. App.—Corpus Christi–Edinburg 1987, writ denied). *Dieter* attempted to answer a question of first impression in Texas of whether a plaintiff claiming injury due to negligent hiring was required to prove the tortfeasor was acting within the course and scope of employment. Although the court of appeals found course and scope of employment to be irrelevant to the analysis, it had "no question" the plaintiff must show a connection between the injury and the "fact of employment." *Id.* at 408. The court added:

> [I]n order to impose liability upon an employer under the doctrine of negligent hiring, there must be evidence that the plaintiff's injuries were brought about by reason of the employment of the incompetent servant and be, in some manner, job-related. Stated another way, the negligence in hiring the employee must be the proximate cause of the injuries to the plaintiff. Were such a connection not required, an employer would essentially be an insurer of the safety of every person who happens to come into contact with his employee simply because of his status as an employee.

*Id.* (citations omitted). The Austin Court of Appeals adopted *Dieter's* rationale 25 years ago. *Houser v. Smith*, 968 S.W.2d 542, 544 (Tex. App.—Austin 1998, no pet.). Respect to principles of horizontal *stare decisis* requires that we adopt the same approach here. *Mitschke v. Borromeo*, 645 S.W.3d 251, 256–57 (Tex. 2022).

The evidence conclusively shows that Cody was injured while Bristen, Cody, and A.J. were using the ATV on a fishing trip. As Mitschke acknowledges, these activities are "personal tasks unrelated to ranch business." As the boys' use of the ATV was not job-related, we find no evidence for imposing any duty of care upon Blackjack Ranch or

5

Borromeo under these circumstances. The trial court correctly granted a take-nothing summary judgment on Mitschke's cause of action for negligent training and supervision. Mitschke's first issue is overruled.

**Negligent Entrustment**

By his second issue, Mitschke argues the district court erred by granting summary judgment on his claim that Blackjack and Borromeo negligently entrusted their ATV to Bristen. To establish liability under this cause of action, Mitschke must show:

(1) Blackjack and Borromeo entrusted the ATV to Bristen;

(2) Bristen was an unlicensed,[8] incompetent, or reckless driver;

(3) At the time of the entrustment, Blackjack and Borromeo knew or should have known that Bristen was an unlicensed, incompetent, or reckless driver;

(4) Bristen was negligent on the occasion in question; and

(5) Bristen's negligence proximately caused the accident.

*See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016)*; Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 758 (Tex. 2007) (per curiam). Appellees' no-evidence motion for summary judgment asserted a lack of evidence supporting the first three elements. This shifted the burden to Mitschke to present more than a scintilla of evidence supporting each challenged element. *See JLB Builders, L.L.C v. Hernandez,* 622 S.W.3d 860, 864 (Tex. 2021) ("A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion.") (cleaned up).

---

[8] It is undisputed that at the time of the accident Bristen was a licensed driver.

Our discussion focuses on the third element: viz., whether more than a scintilla of evidence supports Mitschke's allegation that at the time Bristen took the ATV, Blackjack and Borromeo knew or should have known that Bristen was an incompetent or reckless driver. This requires more than proving the driver had been negligent on a prior occasion. *4Front Engineered Solutions*, 505 S.W.3d at 909–10. Evidence that a driver had been in a collision in the past does not, by itself, create an inference of recklessness or incompetence. *Monroe v. Grinder*, 884 S.W.2d 811, 815 (Tex. App.—Dallas 1994, writ denied). *See also Oney v. Crist,* 517 S.W.3d 882, 892 (Tex. App.—Tyler 2017) (evidence of one minor accident insufficient to prove incompetence or recklessness)*, pet. granted, judgm't vacated w.r.m.,* No. 17-0317, 2018 Tex. LEXIS 359 (Tex. Apr. 27, 2018).

Lack of experience is also insufficient. In 2007, this Court rejected the notion that a driver's age (16-years old) permitted a reasonable inference that her parents knew or should have known the teen was an incompetent or reckless driver. *Aboushadid v. Ward*, No. 07-05-00140-CV, 2007 Tex. App. LEXIS 885, *8–9, (Tex. App.—Amarillo Feb. 5, 2007, no pet.) (mem. op.). Moreover, evidence showing a driver's lack of formal training or certification fails to establish recklessness or incompetence. *4Front Engineered Solutions,* 505 S.W.3d at 910–11. In this case, the record indicates Bristen's only traffic citation was for late renewal of his vehicle registration.

As evidence that Appellees knew of Bristen's recklessness at the time of entrustment, Mitschke refers to his deposition testimony, which reads in relevant part:

Q. At any time did you have a conversation prior to the accident, with [Justin] regarding [Cody Mitschke] riding the [ATV]?

7

A. I just - - there - - there were a few times where I just told Justin - - I said, "You know, they - - need- - they need to slow down." You know, that I've had to - - I've had to tell - - you know, tell Bristen "Slow down before y'all have an accident."

* * *

Q. The conversation you just relayed to me with Justin Behrens or - - when was that in relation to the accident?

A. I could not tell you. I mean, it just - - you know, it just - - I mean, it - - it could have been at a football game. I could have been at a - - it could have been at a convenience store when - - you know, I don't know where we were at. You know we just started - - said hello, talked about, you, the boys and I just said, "Hey, you know, driving a little fast out here. I told him to slow it down." He said, "Get on them."

Mitschke testified he told Bristen to slow down "two or three" times. These conversations, he acknowledged, occurred prior to 2015. In addition, during his deposition Justin agreed that a 16-year-old boy takes risks that a 43-year-old man does not take.

We hold that such evidence is insufficient to permit reasonable minds to conclude that Appellees knew or should have known that Bristen was an incompetent or reckless driver. The Supreme Court held in *4Front* that evidence of mere negligence does not constitute sufficient evidence of incompetence or recklessness. 505 S.W.3d at 909–10. Recklessness means "an act that the operator knew or should have known posed a high degree of risk of serious injury." *Id.* at 911 (citing *City of Amarillo v. Martin,* 971 S.W.2d 426, 430 (Tex. 1998); *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993) ("The usual meaning assigned to 'willful,' 'wanton,' or 'reckless,' according to taste as to the word used, is that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which thus is usually accompanied by a conscious

8

indifference to the consequences.") (citation omitted)).  Evidence that Mitschke said Bristen was driving too fast two years before the accident offers nothing more than his personal belief that Bristen had negligently used the ATV.  Moreover, Justin's agreement that 16-year-old boys "take[] risks" does not support any reasonable conclusion that Bristen was reckless or incompetent.

We conclude Mitschke failed to raise a question of fact as to whether at the time the ATV was entrusted to Bristen, Appellees knew or should have known he was a reckless driver.  The trial court correctly granted a take-nothing summary judgment on Mitschke's claim for negligent entrustment.  Mitschke's second issue is overruled.

## Conclusion

Having overruled Mitschke's two issues on appeal, we affirm the judgment of the district court.

Lawrence M. Doss
Justice

9